226 So.2d 245 (1969)
Elizabeth Ann VILORD and Her Husband, Charles Vilord, Appellants,
v.
William JENKINS, M.D., Appellee.
Nos. 69-8, 69-129.
District Court of Appeal of Florida. Second District.
August 27, 1969.
Rehearing Denied September 23, 1969.
Robert Orseck, of Podhurst & Orseck, and Spence, Payne & Masington, Miami, for appellants.
John W. Hamilton, of Ramseur, Bradham, Lyle, Skipper & Cramer, St. Petersburg, for appellee.
*246 McNULTY, Judge.
This is a malpractice action brought by plaintiff-appellants against the appellee-doctor. Summary judgment was entered in favor of the doctor and plaintiffs appeal.
In December, 1961, while in a physicianpatient relationship, the appellee-doctor advised the appellant-wife to consent to a female sterilization procedure (known as a bilateral partial salpingectomy). It is alleged that he expressly "* * * contracted and promised and guaranteed that his performance of female sterilization would render the plaintiff, [wife], unable permanently thereafter to conceive or become pregnant * * *". Both appellants consented to the sterilization procedure and it was performed by the appellee-doctor on or about December 11, 1961. Approximately five years later the appellant-wife became pregnant, and was subsequently delivered of a baby girl by caesarean section on April 10, 1967.
Appellants' complaint sounded both in negligence (for negligent performance of the aforesaid sterilization), and in contract (for breach of the express "guaranty"). After issue was joined defendant-appellee filed a motion for summary judgment, and voluminous evidence was submitted thereon. The trial judge granted the motion for summary judgment, but based his order solely "on the grounds that the plaintiffs are barred by the statute of limitations". We reverse.
The essential facts bearing on the question of limitation of the actions are undisputed. Thus if the appellants are barred by the statute of limitations the four-year statute (§ 95.11(4), F.S.A.), bars their negligence count, and the three-year statute (§ 95.11(5)(c), F.S.A.) bars their contract action. We are of the opinion, however, that neither statute has run as to the count against which it applies. We will treat each one separately.
As to the negligence count, the law in this state is that a statute of limitations begins to run when there has been notice of invasion of the legal rights of the plaintiff, i.e., when he has been put on notice of his right of action.[1] In City of Miami v. Brooks, the plaintiff underwent x-ray therapy which, it was said, was negligently administered in 1944. It wasn't until 1949 that resulting x-ray burns became apparent for the first time. Recognizing the general rule that when there is notice of the negligent act the statute begins to run even if its full consequences are not known, the court went further and held that even though there is notice of the act itself, if its negligent character cannot become known until its consequences become apparent, then the statute does not begin to run until notice of the consequences.
The rule announced in the Brooks case is controlling here. Appellants were not aware, and could not have been aware, of any right of action sounding in negligence until appellant-wife became pregnant; and we take judicial notice that this had to have occurred sometime in 1966. But we don't have to worry about the exact date of conception since suit was filed well within two years thereafter, and, certainly within the applicable four-year statutory period. The negligence action was therefore not barred.
Now, with regard to the ex contractu count, it may well be argued that the statute of limitations runs from the date of conception for the same reasons outlined above relating to the negligence count. That is to say, that the statute begins to run when there has been notice of the invasion of the legal right involved. The notice of such invasion, in either case, was the first sign of pregnancy. But we need not consider this argument since we can arrive at the same conclusion otherwise.
First of all we perceive the express contract here involved to be one of *247 warranty, notwithstanding its apparent classification as a "guaranty". Warranty is distinguishable from a guaranty, although they have many common features. Both are collateral contracts; but guaranty is an undertaking to answer for another's liability, while warranty is an undertaking that a certain fact regarding the subject of the contract is what it has been represented to be, and relates to some undertaking made ordinarily by the party who makes the warranty.[2] We are faced with the latter situation here. Significantly, too, the warranty here involved relates to a future event. Ordinarily, a statute of limitation begins to run on a contract of warranty, as in other contracts, when the contract is breached. But that critical point of time depends upon whether the warranty relates to an existing fact or event, or whether it relates to a future fact or event. In the former case it is breached when made or it is never breached at all. But in the later case no breach occurs, and consequently no cause of action accrues, and the statute of limitations does not begin to run, until the happening of the future event.[3]
In the case before us the future event warranted against was pregnancy. Under the foregoing rule, therefore, when pregnancy occurred the warranty was breached; and the right of action arose at that time. Certainly appellants could not have sued the day before conception; and if they couldn't sue the day after, then when indeed? A warranty operating in futuro, by its very nature, presupposes no injury until the happening of that event which the promise warrants will not occur. Consequently, it is a continuing promise which can only be breached by the coming into existence of that happening. If it were otherwise, such a warranty could be a contractual undertaking, yet one which confers an unenforceable right. We conclude, therefore, that the three-year statute of limitation began to run, on appellants' contract action, sometime in 1966. Again, it is not necessary to determine the exact date since the action was brought well within the three years.
Parenthetically, we point out that we need not decide at this time whether the evidence submitted in support of the motion for summary judgment was sufficient to eliminate all triable issues of material fact on the merits of the cause. Since the trial judge ruled solely on the basis of the applicable statutes of limitation as to each of the theories in the complaint, we presume that he did not consider this aspect of the motion. On remand he may be called upon to do so; but the question is not before us now.
Reversed and remanded for further proceedings not inconsistent herewith.
LILES, Acting C.J., and MANN, J., concur.
NOTES
[1] See, City of Miami v. Brooks (Fla. 1954), 70 So.2d 306.
[2] 25 Florida Law and Practice, Warranty, § 4, at p. 384.
[3] See 54 C.J.S. Limitations of Actions § 136, at p. 59; and 144 A.L.R. 209 para. III(d), at p. 234.