270 So.2d 449 (1972)
Irving COWAN et al., Appellants,
v.
Robert L. TURCHIN, a Florida Corporation, et al., Appellees.
No. 71-845.
District Court of Appeal of Florida, Fourth District.
December 20, 1972.
Michael B. Davis, of Walton, Lantaff, Schroeder, Carson & Wahl, West Palm Beach, for appellants.
Richard P. Kenney, of Williams, Salomon & Kenney, Miami, for appellee Melvin Grossman.
Allen Eugene Greenfield, Miami, for appellee Kovner.
Mannheimer, Greenfield & Cutler, Miami, for appellee Robert L. Turchin, a Florida corporation.
Kay Phillips Jones and Robert D. McIntosh, of Kirsch, DiGiulian, Druck & Spellacy, Fort Lauderdale, for appellee Dublin Co.
MAGER, Judge.
Plaintiffs appeal a summary final judgment entered in behalf of defendants. The *450 summary final judgment was premised primarily upon the trial court's determination that the statute of limitations as set forth in F.S. Sections 95.11(3)[1] and 95.11(4)[2], F.S.A., bars any relief to the plaintiffs.
The suit arose as a result of the bursting of plastic condenser piping used as a substitute for iron piping in an air-conditioning system installed in an apartment building owned by plaintiffs. The suit below was filed against the architect, the general contractor and the air-conditioning subcontractor and contained three counts: Count I charged the defendants with negligence in installing or allowing the installation of a plastic condenser water piping labeled PR-160 PVC; Count III was directed solely against the defendant Turchin and alleged breach of contract; Count II was based upon an implied warranty flowing from the defendants to the plaintiff in that the pipe was fit for the purpose intended. The plastic piping which was substituted for iron piping was installed in the latter part of 1964; the condenser burst during the summer of 1969, and the suit was instituted on September 23, 1970. It was the view of the trial court that the statute of limitations began to run in late 1964 when the pipe was installed at which time plaintiff was put on notice of such installation so that the four or five year limitations set forth in Sections 95.11(3) and 95.11(4) barred the suit (the suit was brought over six years after the date of installation).
It is our view that this appeal is controlled by the decision of the Supreme Court of Florida in Creviston v. General Motors Corporation, Fla. 1969, 225 So.2d 331, 333, which, in applying Section 95.11(5)(e)[3] to an action based upon an implied warranty, stated:
"... [W]e conclude in an action on implied warranty for personal injury under the facts of this case, the three-year statute of limitations, F.S. Section 95.11(5)(e), F.S.A., begins to run from the time Petitioner first discovered, or reasonably should have discovered the defect constituting the breach of warranty. ..." (Emphasis added.)
The trial court's reference to "F.S. § 95.11(3)" or "§ 95.11(4)" would have application only to Counts I and III relating to negligent installation and breach of contract. The statute of limitations applicable to Count II based upon a breach of implied warranty would be governed by Section 95.11(5)(e). Creviston v. General Motors Corporation, supra. See also Hendon v. Stanley Home Products, Fla.App. 1969, 225 So.2d 553.
With respect to Counts I and III, the limitations of time set forth in Sections 95.11(3) and 95.11(4) would stand as a bar to such claims. See 2765 South Bayshore Drive Corp. v. Fred Howland, Inc., Fla. App. 1968, 212 So.2d 911[4]; with respect to Count II founded upon breach of implied warranty, Section 95.11(5)(e) would also stand as a bar if the 3-year limitation contained therein began to run in 1964. However, a factual determination would have to be made as to whether the installation of the pipe in 1964 was the time "petitioner *451 first discovered, or reasonably should have discovered the defect constituting the breach of warranty". (Under Creviston, supra, the three-year limitation would begin to run from that time.)
Plaintiff contends that the alleged unfitness for use did not come to light until the summer of 1969, when the substitute piping began to burst; defendants contend in essence that plaintiff was put on notice in 1964 that a substitute pipe was being installed at which time defendants also allege a water pressure test of the pipe was conducted.
While there may be uncertainties as to the sufficiency of the notice of invasion of plaintiffs' rights, it is clear to this court that a genuine issue of material fact exists with respect to the time when plaintiff first discovered or reasonably should have discovered the alleged defect in the plastic piping. The existence of a genuine issue of material fact precludes the entry of summary judgment. Ham v. Heintzelman's Ford, Inc., Fla.App. 1972, 256 So.2d 264; Holl v. Talcott, Fla. 1966, 191 So.2d 40. Summary proceedings "may be used only as a vehicle for establishing whether there is a genuine issue of material fact to be determined, and the trial court may not try or determine factual issues in such proceedings". Humphrys v. Jarrell, Fla.App. 1958, 104 So.2d 404. In order to apply the three-year limitation set forth in Section 95.11(5)(e) it would be necessary to adjudicate factual issues with respect to the time when plaintiff first discovered or reasonably should have discovered the alleged defect constituting a breach of warranty. Such a determination is beyond the scope of a summary proceeding. Ham v. Heintzelman's Ford, Inc., supra, and Humphrys v. Jarrell, supra.
Accordingly, the final summary judgment with respect to Count II is reversed and affirmed as to Counts I and III and the cause remanded for further proceedings consistent herewith.
Reversed, in part; affirmed, in part.
WALDEN and OWEN, JJ., concur.
NOTES
[1] "95.11 Limitations upon actions other than for the recovery of real property.  Actions other than those for the recovery of real property can only be commenced as follows:

"...
"(3) Within five years.  An action upon any contract, obligation or liability founded upon an instrument of writing not under seal."
[2] "(4) Within four years.  Any action for relief not specifically provided for in this chapter."
[3] "(5) Within three years. 

"...
"(e) And an action upon a contract, obligation or liability not founded upon an instrument of writing, including an action for goods, wares and merchandise sold and delivered, and on store accounts."
[4] Sections 95.11(3) and 95.11(4) provide respectively for a 5- and a 4-year limitation; as it appears that claims I and III were instituted six years after the time of the alleged defective installation or breach such claims would be barred.