336 So.2d 1282 (1976)
Mary Sally Phillips SALVAGGIO, Appellant,
v.
Grover W. AUSTIN et al., Appellees.
No. 75-695.
District Court of Appeal of Florida, Second District.
September 15, 1976.
*1283 Britt Whitaker, Tampa, for appellant.
James B. Thompson and Richard Strickland of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellee Austin.
HOBSON, Acting Chief Judge.
This is an appeal by the plaintiff, Mrs. Salvaggio, from a final summary judgment in favor of one of the defendants, Dr. Grover W. Austin, in a medical malpractice action.
Salvaggio filed her malpractice suit on August 22, 1974, against Austin and others alleging, inter alia, that in December, 1968, Austin performed a mammoplasty upon appellant to reduce her breasts and left a rubber-like tubing in her chest, which was not discovered by Salvaggio until September, 1973. Austin filed an answer and as an affirmative defense, alleged that the cause of action was barred by the statute of limitations. After depositions of Salvaggio and Austin had been taken, Austin moved for a summary judgment. Upon hearing, the trial judge granted Austin's motion for summary judgment on the ground that there was no genuine issue as to any material fact that Salvaggio's cause of action did not accrue within the time prescribed by law prior to this action being filed. The court found that Salvaggio did not fall within the "blameless ignorance doctrine" in that she was aware and had reason to know that an invasion of her legal rights had occurred within a short period of time after the surgery performed by Austin when she began to notice an ever-increasing pain deep in her left breast. The court applied the rule with respect to the commencement of the running of the statute of limitations that regardless of the underlying nature of a cause of action, the accrual of the same must coincide with the aggrieved party's discovery or duty to discover the act constituting an invasion of her legal rights.
Salvaggio's cause of action was governed by the two-year statute of limitations, § 95.11(6) F.S. 1973,[1] which provides that the cause of action in such case shall not be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury.
In City of Miami v. Brooks, Fla. 1954, 70 So.2d 306, the Supreme Court announced the rule that the statute of limitations attaches when there has been notice of an invasion of the legal rights of the plaintiff or he has been put on notice of his right to a cause of action. See also Vilord v. Jenkins, Fla.App.2d 1969, 226 So.2d 245; Foley v. Morris, Fla.App.2d 1976, 325 So.2d 37. The Supreme Court has recently addressed this issue in Nardone v. Reynolds, Fla. 1976, 333 So.2d 25, where it is said on page 32,
"... Previously this Court has held that the statute of limitations in a malpractice suit commences either when the plaintiff has notice of the negligent act giving rise to the cause of action or when the plaintiff has notice of the physical injury which is the consequence of the negligent act." Brooks, supra.

In Nardone, supra, the plaintiffs were barred not because of any knowledge of negligence on the part of the physician, but because the condition of the plaintiff child was so obvious when he was discharged from the hospital that notice of the consequences was imputed, thereby initiating the running of the statute of limitations. Similarly in the instant case, Salvaggio had no knowledge that a piece of drainage tube had been left in her breast until it was discovered in September of 1973.
However, Salvaggio stated in her deposition that she commenced having pain deep inside her chest about three months after surgery and that it continued getting progressively worse. She did not know what it *1284 was and it finally became localized under her left breast. In August 1973, when she attempted to lift a piece of cement block, the pain became so intense that her husband took her to her family doctor who gave her something for pain and told her that if the pain continued he wanted her to have x-rays because she may have broken or torn something in there. After seeing the x-rays, her family doctor told her that something had to be removed. In September 1973 a piece of drainage tube was removed from underneath her breast.
It is clear that the cause of action was actually discovered in September 1973 with the removal of the drainage tube from Salvaggio's body. It is also clear that the court could have found as a matter of law that Salvaggio was placed on notice of her right to a cause of action in August 1973 when the x-rays were made. Nevertheless, the record reflects that a genuine issue of material fact existed with respect to when, prior to August 1973, Salvaggio, through the use of reasonable care, should have discovered the injury. Seaboard Air Line Railroad Company v. Ford, Fla. 1955, 92 So.2d 160. See also Creviston v. General Motors Corporation, Fla. 1969, 225 So.2d 331; Cowan v. Turchin, Fla.App.4th 1972, 270 So.2d 449; Schetter v. Jordan, Fla. App.4th 1974, 294 So.2d 130; Miami Beach First National Bank v. Edgerly, Fla. 1960, 121 So.2d 417, 82 A.L.R.2d 923.
Particularly important for the trial court on remand is the consideration of when Mrs. Salvaggio was aware of or had notice of the physical ailment which is the alleged consequence of the negligent act. Cf. Nardone, supra; Brooks, supra; Vilord, supra; and Cristinai v. City of Sarasota, Fla. 1953, 65 So.2d 878. Since the pain experienced by Salvaggio constitutes a factual question as to whether it was sufficient notice of the consequences of the alleged negligence of Austin, summary judgment is precluded where such a genuine issue of material fact exists. Holl v. Talcott, Fla. 1966, 191 So.2d 40; Cowan v. Turchin, supra; Schetter v. Jordan, supra.
The summary final judgment is reversed and the cause is remanded to the trial court for further proceedings.
REVERSED and REMANDED.
BOARDMAN and GRIMES, JJ., concur.
NOTES
[1] See Foley v. Morris, Fla.App.2d 1976, 325 So.2d 37.