357 So.2d 772 (1978)
Virginia ENFIELD and Kenneth Enfield, Her Husband, Appellants,
v.
John HELD, Lykes Memorial Hospital and Argonaut Insurance Company, a Foreign Corporation, Appellees.
No. 77-1812.
District Court of Appeal of Florida, Second District.
April 21, 1978.
Kenneth R. Cate of Maher & Overchuck, P.A., Orlando, for appellants.
John D. Shofi of Marlow, Shofi, Ortmayer, Smith & Spangler, Tampa, for appellees/Lykes Memorial Hospital and Argonaut Ins. Co.
OTT, Judge.
The trial judge dismissed a medical malpractice complaint with prejudice. We affirm the dismissal of the complaint but hold that the dismissal should not have been with prejudice.
Plaintiffs Virginia and Kenneth Enfield, appellants herein, filed a complaint on May 18, 1977 alleging that Mrs. Enfield sustained injuries as a result of malpractice occurring on or about January 2, 1975 while she was a patient at defendant Lykes Memorial Hospital, appellee herein. The hospital's insurer, Argonaut Insurance Company, was joined as a defendant. The complaint failed to allege compliance (either specifically or generally) with the medical *773 mediation procedure prior to filing the complaint in circuit court as required by Section 768.44, Florida Statutes (1976 Supp.). Appellees filed a motion to dismiss the Enfields' complaint with prejudice. Attached to appellees' motion was a copy of a claim filed by the Enfields with the medical liability mediation panel. The purpose of attaching the mediation claim was to establish its filing date of April 22, 1976. The jurisdiction of the mediation panel automatically terminated 10 months thereafter on February 22, 1977 under the provisions of Section 768.44(4), Florida Statutes (1976 Supp.). The appellees argued that the circuit court was without jurisdiction to entertain the malpractice action since the complaint was not filed within 60 days after the mediation panel lost jurisdiction. Adopting this rationale the trial judge entered an order dismissing appellants' complaint with prejudice. From this order appellants appeal.
A plaintiff claiming damages by reason of alleged medical malpractice must first submit that claim to the appropriate medical liability mediation panel as a condition precedent to the filing of the complaint in circuit court. Section 768.44(1)(a), Florida Statutes (1976 Supp.). The record reflects (albeit by a speaking motion) that a claim was in fact filed on April 22, 1976 with the mediation panel, but appellants' complaint does not so allege. In considering a motion to dismiss the trial judge is confined to the allegations contained within the complaint. See Frank v. Campbell Property Management, Inc., 351 So.2d 364 (Fla. 4th DCA 1977). Since in the present case the complaint fails to allege either a general compliance with all conditions precedent or a specific compliance by the filing of a claim with the appropriate medical mediation panel, the trial court properly dismissed appellant's complaint. However, the dismissal should have been with leave to amend to correct this deficiency.
Section 768.44(4), Florida Statutes (1976 Supp.) provides as follows:
The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court.
Both parties and the trial judge apparently interpreted this 60 day period as mandating the filing of the complaint within such period. The effect of such an interpretation would further shorten the statute of limitations in medical malpractice actions. We do not agree with this interpretation. We hold the 60 day period operates, under appropriate circumstances, as a saving not a limitation clause. See Ludwig v. Glover, 357 So.2d 233, 1st DCA, Opinion filed April 5, 1978.
Section 95.11(4)(b), Florida Statutes (1975) provides a two year statute of limitations for actions in tort or contract for alleged medical malpractice. This two year period began to run on January 2, 1975, the date the alleged malpractice in the present case is claimed to have occurred. However, Section 768.44(4), Florida Statutes (1976 Supp.) provides that the filing of a claim with the medical mediation panel "tolls any applicable statute of limitations" until the panel decides the case or the jurisdiction of the panel is otherwise terminated. Therefore, the two year statute of limitations was tolled when the Enfields filed their claim with the medical mediation panel on April 22, 1976. Since the mediation panel never decided this case (for reasons not material to this discussion) the jurisdiction of the panel automatically terminated after 10 months, on February 22, 1977. At this time there remained approximately nine months of the original two year statute of limitations. Thus, appellants' complaint was timely when filed on May 18, 1977. It was therefore error for the trial court to rule that the circuit court was without jurisdiction and to dismiss appellants' complaint with prejudice.
*774 That part of the order dismissing appellants' complaint with prejudice is therefore reversed and the cause remanded to the trial court for proceedings consistent with this opinion.
REVERSED and REMANDED.
HOBSON, Acting C.J., and SCHEB, J., concur.