359 So.2d 56 (1978)
Virginia JONES, As Personal Representative of the Estate of John Doe Jones, an Unnamed Baby Boy, for the Benefit of Virginia Jones, Individually, and the Estate of John Doe Jones, an Unnamed Baby Boy, Appellant,
v.
NORTH DADE HOSPITAL, INC., a Florida Corporation and Dr. Jack Kamerman, Appellees.
No. 77-969.
District Court of Appeal of Florida, Third District.
June 6, 1978.
*57 Wolfson, Diamond, Logan & Edge, Miami Beach, for appellant.
Thornton, Conroy & Herndon by John Edward Herndon, Jr., Miami, for appellees.
Before HENDRY and KEHOE, JJ., and CHARLES CARROLL (Ret.), Associate Judge.
CHARLES CARROLL (Ret.), Associate Judge.
This is an appeal by the plaintiff below in a medical malpractice action, from an order which dismissed her complaint because of failure to file the action within 60 days after the decision of the medical mediation panel, notwithstanding the action was filed within the applicable two-year statute of limitations. We find error and reverse.
The cause of action arose on June 19, 1975. The record does not disclose the date (after June 19, 1975) upon which the plaintiff submitted her claim to the medical mediation panel (as provided for in Section 768.44(1)(a), Florida Statutes (1976 Supp.). The decision of the panel was made on September 18, 1976. The court found the decision was delivered to the parties on that date. The action was filed on December 30, 1976. While that was more than 60 days after the panel decision, it was well within the time allowed by the applicable two-year statute of limitations, which would not have expired until June 18, 1977, even without the benefit of the time it was tolled by the period during which the medical mediation proceeding was pending.
In the medical mediation statute, by subsection 4 of Section 768.44, Florida Statutes (1976 Supp.), it is provided:
"(4) The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court."
The defendant moved to dismiss on the ground or theory that although the action was filed within the applicable two-year statute of limitations the court was without jurisdiction because the action had not been filed within 60 days after the decision of the mediation panel. In espousing that theory, the trial court was in error.
In our opinion it is clear the above-quoted section of the statute was not intended to abrogate the applicable statute of limitations and to substitute for it a limitation period of 60 days from the time of the panel decision or termination of panel jurisdiction. In the above-quoted section of the *58 statute the existence of an applicable statute of limitations was recognized. It provided that the statute of limitations would be tolled by the filing of the claim, and would "remain tolled" until the mediation panel decision or loss of jurisdiction. If, thereafter, the statute of limitations was to have no force or effect, there would have been no reason to provide that it would be tolled by the mediation proceeding.
Since a claim to a medical mediation panel must be filed prior to the expiration of the prescribed statute of limitations, and the latter is tolled for the period of the mediation proceeding, it necessarily follows that after termination of the mediation proceeding a portion of the statutory limitation period will remain, being that portion which thus remained when the claim was filed. If that remaining portion of the statute of limitations is more than 60 days, as it was in this case, action may be filed any time before the statute of limitations expires. If the statutory limitation period remaining after termination of the mediation panel proceeding is less than 60 days, then, as provided for by the mediation statute, the action may be filed in the circuit court any time within said 60-day period. The practical effect of that 60-day provision is not to shorten the statute of limitations but to extend it, where necessary, up to 60 days after termination of the mediation proceeding.
For the reasons stated, the order appealed from is reversed, and the cause is remanded with direction to reinstate the action.