365 So.2d 213 (1978)
Phyllis CHAMBERS, As Administratrix and Personal Representative of the Estate of William J. Chambers, Appellant,
v.
John GAUL, D.L. and George Court, D.O., Appellees.
Nos. 77-471, 77-1149.
District Court of Appeal of Florida, Fourth District.
December 13, 1978.
*214 Edward A. Perse of Horton, Perse & Ginsberg, Miami, for appellant.
Richard A. Sherman of Wicker, Smith, Blomqvist, Davant, McMath, Tutan & O'Hara, Miami, for appellee Dr. Gaul.
MOORE, Judge.
This is an appeal by the plaintiff in a malpractice action from an order dismissing the complaint because it was not filed within 60 days after the termination of jurisdiction of the medical mediation panel.
William Chambers was admitted to a hospital in March, 1975 and died that month when complications developed after surgery. The personal representative of his estate filed a medical mediation claim. Jurisdiction of the panel terminated, without any decision having been rendered, on June 4, 1976. The personal representative then filed a wrongful death-malpractice action on December 21, 1976. Even though the action was filed within the applicable two year statute of limitations, the trial judge dismissed the complaint, pursuant to Section 768.44(4), Florida Statutes (1976 Supp.), which provides that a complaint shall be filed within 60 days from the date on which the jurisdiction of the panel is terminated.
The 60 day filing period of § 768.44(4) does not shorten the applicable statute of limitations. Jones v. North Dade Hospital, Inc., 359 So.2d 56 (Fla.3d DCA 1978); Enfield v. Held, 357 So.2d 772 (Fla.2d DCA 1978). The effect of the 60 day provision is to extend the applicable statute of limitations up to 60 days after termination of the mediation proceeding in those cases where less than 60 days remain on the statute of limitations.
The order appealed from is reversed and the cause is remanded with directions to reinstate the complaint.
ANSTEAD and LETTS, JJ., concur.