375 So.2d 360 (1979)
Lurrie MOTT, As Parent and Natural Guardian of Marlon Mott, Appellant,
v.
FORT PIERCE MEMORIAL HOSPITAL, Appellee.
No. 78-2124.
District Court of Appeal of Florida, Fourth District.
October 3, 1979.
Michael S. Rosier, Gifford, for appellant.
Everett J. Van Gassbeck of Jones, Paine & Foster, Vero Beach, for appellee.
DOWNEY, Chief Judge.
Appellant seeks reversal of a final summary judgment for appellee in a medical malpractice case.
The issues to be decided here are whether there were genuine issues of material fact regarding the date appellant discovered the alleged malpractice, and whether appellee was precluded from raising the statute of limitations as an affirmative defense in this case because it had not pleaded that defense in a prior medical mediation proceeding.
The facts giving rise to said issues, as we glean them from the briefs, are that on October 2, 1975, Marlon Mott, a minor, was admitted to the emergency room of appellee hospital for treatment of a lacerated foot. The wound was cleansed, sutured and Marlon was discharged. On October 17, 1975, Marlon returned to the same emergency room complaining that the wound continued to bleed. Once again the wound was cleansed, dressed and the patient discharged. Appellant contends that further treatment was requested at that time but refused. Thereafter Marlon and his mother went to the Indian River Memorial Hospital in Vero Beach, where Marlon was hospitalized. It was "determined" Marlon was anemic from acute loss of blood, the wound was found to be infected and a foreign object was removed from the wound.
On December 19, 1977, appellant instituted a claim for medical mediation. No answer was filed and in due course a default was entered. The medical mediation proceeding thus ended on May 30, 1978, and appellants filed suit in the circuit court charging appellee with medical malpractice. Appellee pleaded the two year statute of limitations and moved for final summary judgment, which was granted. It is that judgment which we are asked to reverse on this appeal.
Appellant contends: 1) that the question of when appellant knew or should have known of the alleged malpractice is a question of fact for the jury, and 2) that since *361 appellee did not enter into the medical mediation proceeding and allege the statute of limitations, it is precluded from doing so in this litigation.
This court has previously decided several cases which make it clear that appellant's second point is without merit. In Floyd v. Goss, 352 So.2d 1189 (Fla. 4th DCA 1977), this court held that a judicial referee has no authority to enter a judgment on the pleadings when the statute of limitations is pleaded and not contravened. Later the same year, in Drs. Howarth & Scott, P.A. v. Edwards, 353 So.2d 175 (Fla. 4th DCA 1977), we held that a circuit judge sitting as a judicial referee in a medical mediation panel is not authorized to grant a summary judgment. Regarding the statute of limitations the court said:
If Petitioners are correct that the Statute of Limitations ran before the claim was filed then that is a matter of affirmative defense for the trial court, not the panel or any member thereof, to decide.
Appellee responds to appellant's contention that the case was not ripe for summary judgment by asserting in its brief that appellant learned of the alleged malpractice on October 18, 1975, when they went to the Indian River Memorial Hospital and were "informed" that Marlon was anemic from loss of blood and that the wound was infected and a foreign body was removed therefrom. Also the final summary judgment entered by the trial judge found the cause of action accrued "on or no later than October 18, 1975, and the statute of limitations having expired, at the very latest, on October 18, 1977."
If the record demonstrated that there was no genuine issue of fact as to that finding, we would be disposed to find in favor of appellee on this first issue. However, this record is devoid of any competent evidence that appellant went to Indian River Memorial Hospital on October 18, 1975, and, more importantly, that the hospital or any doctor "informed" appellant on the aforementioned date that Marlon was anemic due to loss of blood or that the wound was infected and a foreign body was removed therefrom.
Appellee states in its brief that appellant went to Indian River Memorial Hospital on October 18, 1975, but there is absolutely no support in the record for that statement. There are no affidavits, interrogatories or depositions in the record. Thus, we must look to the pleadings. Appellant's complaint alleges:
Despite requests by plaintiff, LURRIE MOTT, the defendant refused to further treat plaintiff MARLON MOTT, so he was taken to Indian River Memorial Hospital, where he was immediately hospitalized, and determined to be suffering from amenia (sic), as a result of the acute blood lost. Further, the wound was found to be infected, and a foreign object was moved (sic) from the wound.
That allegation is hardly sufficient for the court to determine that the statute of limitations began to run on any specific date because it does not allege appellant went to the Indian River Memorial Hospital on October 18, 1975.
A much more serious deficiency appears in the proof of when and how appellant allegedly learned of the acts constituting malpractice. The complaint simply alleges that at the Indian River Memorial Hospital Marlon was immediately hospitalized and "determined" to have anemia, an infected wound and a foreign object was removed from the wound. Surely one cannot say the statute of limitations began to run on that date because appellant "learned" or "knew" or "should have known" of the malpractice. For all we know it was "determined" by the hospital, or the doctor involved, that Marlon suffered from the enumerated conditions; but that allegation is hardly sufficient to charge appellant with knowledge.
Accordingly, the summary judgment appealed from is reversed and the cause remanded for further proceedings including further motions for summary judgment with adequate supporting proof if the parties be so advised.
REVERSED AND REMANDED.
ANSTEAD, J., and CROSS, SPENCER C., Associate Judge, concur.