386 So.2d 1241 (1980)
Morris WIMPEY et ux., Appellants,
v.
Gabriel A. SANCHEZ, M.D., et al., Appellees.
No. 79-1621.
District Court of Appeal of Florida, Third District.
July 22, 1980.
Rehearing Denied September 4, 1980.
*1242 Kuvin, Klingensmith & Lewis and R. Fred Lewis, Miami, for appellants.
Preddy, Kutner & Hardy and John A. Thompson, Jr., Miami, for appellees.
Before SCHWARTZ, NESBITT and PEARSON, DANIEL S., JJ.
PEARSON, DANIEL S., Judge.
Morris Wimpey and his wife, Elsa, appeal from a final judgment dismissing their actions for damages arising out of the alleged improper performance of a bilateral vasectomy upon Morris which, in part, resulted in the unanticipated pregnancy of Elsa and, thereafter, in a necessary termination of that pregnancy.[1] The final judgment of dismissal was based upon the trial court's determination that the applicable statute of limitations, Section 95.11(4)(b), Florida Statutes (1977), barred the Wimpeys' claims. That section provides in pertinent part:
"[A]n action for medical malpractice shall be commenced within two years from the time the incident giving rise to the action occurred or within two years from the time the incident is discovered, or should have been discovered with the exercise of due diligence... ."[2]
The Wimpeys filed their circuit court actions on July 7, 1977. The pertinent allegations of the Wimpeys' complaint are these: on August 29, 1974, Dr. Sanchez negligently performed a vasectomy on Morris Wimpey; beginning the following day, August 30, 1974, Morris experienced pain and discomfort, and had swelling and hematomas in the scrotal sac; in February or March, 1975, Elsa Wimpey conceived; on July 12, 1976, the Wimpeys filed a medical mediation claim[3] pursuant to Section 768.44(4), Florida *1243 Statutes (Supplement 1976), upon which no hearing was held or written decision issued.
The obvious importance of this last allegation is that the filing of a medical mediation claim effectively extended the limitations period.
"The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decision or the jurisdiction of the panel is otherwise terminated. In any event, a party shall have 60 days from the date the decision of the hearing panel is mailed to the parties or the date on which the jurisdiction of the panel is otherwise terminated in which to file a complaint in circuit court." § 768.44(4), Fla. Stat. (Supp. 1976).
In order for the trial court to dismiss the Wimpeys' action as limitation barred, it necessarily had to determine from the pleadings that the action was commenced after the two-year limitation period as extended by the tolling provision. Two questions had to be answered before the determination could be made: (1) for what length of time was the limitation period tolled, and (2) on what date did the Wimpeys discover or with the exercise of due diligence should they have discovered the incident which gave rise to their action?
The defendants' position is that the jurisdiction of the medical mediation panel terminated by operation of law six months after the claim was filed, and that, therefore, the statute of limitations was tolled for six months.[4] They rely upon Section 768.44(3), Florida Statutes (Supplement 1976), which provides:
"The clerk shall ... fix a date, time and place for a hearing on the claim before the hearing panel. The hearing shall be held within 120 days of the date the claim was filed with the clerk unless, for good cause shown upon order of the judicial referee, such time is extended.[5]Such extension shall not exceed 6 months from the date the claim is filed. If no hearing on the merits is held within 10 months of the date the claim is filed, the jurisdiction of the mediation panel on the subject matter shall terminate, and the parties may proceed in accordance with law." (emphasis supplied).
Admittedly, there is ample authority to support the defendants' position that in a case such as the present one where hearing has not commenced, jurisdiction of the panel terminates six months from the date the claim is filed and, accordingly, the statute of limitations is tolled for six months. Cohen v. Johnson, 373 So.2d 389 (Fla. 4th DCA 1979); Feinstein v. Brown, 370 So.2d 1172 (Fla. 4th DCA 1979); Raedel v. Watson Clinic Foundation, Inc., 360 So.2d 12 (Fla. 2d DCA 1978); Green v. Broward General Medical Center, 356 So.2d 877 (Fla. 4th DCA 1978).[6] However, the law in this district *1244 is that jurisdiction of the medical mediation panel terminates under Section 768.44(3), Florida Statutes (Supplement 1976), ten months from the date the claim is filed, notwithstanding that no hearing has commenced within six months of the filing. Love v. Jacobson, 343 So.2d 1328 (Fla. 3d DCA 1977).[7]
Having concluded that the jurisdiction of the medical mediation panel in the present case terminated by operation of law ten months after the filing of the Wimpeys' claim, it follows that the statute of limitations was tolled for ten months.[8]
We turn now to the second question. In order for the defendants, invoking Section 95.11(4)(b), Florida Statutes (1977), to be entitled to dismissal of the plaintiffs' action, they were required to conclusively show from the complaint that the cause of action was discovered or should have been discovered with the exercise of due diligence before September 5, 1974. Glass v. Camara, 369 So.2d 625 (Fla. 1st DCA 1979). It is clear that no such showing has been made. That being the case, a dismissal of the Wimpeys' complaint on the ground that the applicable statute of limitations had run was precluded.[9]Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980); Mott v. Fort Pierce Memorial Hospital, 375 So.2d 360 (Fla. 4th DCA 1979); Tetstone v. Adams, 373 So.2d 362 (Fla. 1st DCA 1979); Tobin v. Dannheisser, 372 So.2d 970 (Fla. 1st DCA 1979); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978); Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978); Salvaggio *1245 v. Austin, 336 So.2d 1282 (Fla. 2d DCA 1976).[10]
Reversed.
NOTES
[1] The complaint contained five counts. Morris sued Dr. Sanchez, the surgeon, and his professional association for negligence and breach of contract; Morris and Elsa sued Dr. Vidal and Dade Pathology Associates, Inc., the pathologist and his pathology laboratory, for their negligent failure after receipt of tissue or specimen to report that the purported vasectomy had not been performed and for punitive damages against all defendants; and Elsa sued Dr. Sanchez for damages arising out of her pregnancy and abortion necessitated by an RH negative blood factor. Mrs. Wimpey contends that her separate action is controlled by the four-year statute of limitations contained in Section 95.11(3)(a), Florida Statutes (Supplement 1974). Her argument is that the two-year limitation period of Section 95.11(4) by its express terms applies only to "persons in privity with the provider of health care" which, she says, she is not. See Gonzales v. Jacksonville General Hospital, Inc., 365 So.2d 800 (Fla. 1st DCA 1978). We need not on this appeal decide this issue.
[2] The statute of limitations in effect at the time the action is brought applies. Mazda Motors of America, Inc. v. S.C. Henderson & Sons, Inc., 364 So.2d 107 (Fla. 1st DCA 1978). See also Rubin v. State, 368 So.2d 69 (Fla. 3d DCA 1979). Section 95.11(4), Florida Statutes (1974), effective January 1, 1975, and Section 95.11(6), Florida Statutes (1973), also set a two-year limitation period on medical malpractice using different phraseology.
[3] The filing of a medical mediation claim as a predicate to a malpractice action is no longer required. In Aldana v. Holub, 381 So.2d 231 (Fla. 1980), the Supreme Court declared the Medical Mediation Act unconstitutional, but gave its decision prospective application only.
[4] If the defendants are correct, then the Wimpeys having filed their action on July 7, 1977, would be limitation barred if they discovered or with the exercise of due diligence should have discovered the incident before January 5, 1975.
[5] We are not concerned on appeal with this clause since a good cause extension was entered on September 20, 1976.
[6] The Florida Rules of Medical Mediation Procedure provide that termination of jurisdiction shall occur if a "hearing has not been commenced within six months of the date of the filing of the claim," Rule 20.190(c). The rules, which became effective September 1, 1977, are not applicable to the present case. Additionally, we note that the rules were promulgated pursuant to Section 768.44(6), Florida Statutes (Supplement 1976), which authorized "procedural rules as may be established by the Supreme Court." Since the medical mediation proceedings in the present case antedated the rules, we need not address whether a rule setting forth the time when jurisdiction terminates (in ostensible conflict with the statute) is truly procedural. We are, however, cognizant of the Supreme Court's statement in Aldana v. Holub, 381 So.2d 231, 235 (Fla. 1980), that "the rules do represent this Court's authoritative interpretation of the medical mediation statute." Procedural rules are not vehicles for the interpretation of substantive rights. Cf. Collins v. Horton, 111 So.2d 746 (Fla. 1st DCA 1959) (holding that courts do not have the power to give legal advice or render opinions in the absence of a bona fide dispute between contending parties as to a justiciable question); Petition of Kilgore, 65 So.2d 30 (Fla. 1953) (concurring opinion of Justice Terrell) ("It is well understood that advisory opinions to the Governor are not of the dignity and status as those rendered on brief and adversary argument."). Since the tolling provisions of Section 768.44(4) in combination with the termination provisions of Section 768.44(3) provide a substantive right, a procedural rule to the contrary can have no effect. S.R. v. State, 346 So.2d 1018 (Fla. 1977).
[7] Although it is only implicit in this opinion that a hearing within six months had not commenced, the factual recitation in the sequel to this case, Love v. Jacobson, 358 So.2d 1179 (Fla. 3d DCA 1978), makes that crystal clear. It is apparent that other courts have recognized that our decision in Love v. Jacobson I (343 So.2d 1328) construes Section 768.44(3) differently. See Raedel v. Watson Clinic Foundation, Inc., supra, and Green v. Broward General Medical Center, supra.
[8] The effect of this is twofold: the critical date of January 5, 1975, see fn. 4, supra, is moved back in time by four months, or to on or about September 5, 1974; and the Wimpeys' circuit court action was filed within sixty days from May 12, 1977, the date on which the jurisdiction of the panel terminated. See § 768.44(4), Fla. Stat. (Supp. 1976). Our sole purpose in mentioning the latter effect is that the reason given by the trial court for its ruling is that the Wimpeys failed to file within sixty days from termination of jurisdiction. As the defendants concede, that reason was incorrect, even absent our holding that the tolling period was ten months. A party has a limit of sixty days from the date of termination of medical mediation jurisdiction within which to file a complaint for medical malpractice in circuit court only if the portion of the statute of limitations not tolled is less than sixty days; otherwise, the party may file the action any time before the statute of limitations expires. Chambers v. Gaul, 365 So.2d 213 (Fla. 4th DCA 1978); Jones v. North Dade Hospital, Inc., 359 So.2d 56 (Fla. 3d DCA 1978); Enfield v. Held, 357 So.2d 772 (Fla. 2d DCA 1978).
[9] It is equally clear that no sufficient showing has been made that the Wimpeys discovered or with the exercise of due diligence should have discovered the incident before January 5, 1975, the cutoff date suggested by the defendants. See fn. 6, supra, and accompanying text. The trial court rejected the Wimpeys' proposed amendment to the complaint which asserted that it was not until May 8, 1975, upon the administration of a pregnancy test, that Elsa Wimpey learned that she was pregnant. Mrs. Wimpey attached to her affidavit in support of the proposed amendment Dr. Sanchez's treatment report of Morris Wimpey, which contained the notation on November 15, 1974, "He is discharged with the provision that he is to submit a sperm specimen to a laboratory before any sexual activities as previously instructed." This treatment report is not a part of the complaint and cannot be considered on a motion to dismiss. Fraternal Order of Police, Miami Lodge 20 v. City of Miami, 384 So.2d 726 (Fla. 3d DCA 1980). But even were this case before us on the grant of summary judgment, and even if the January 5, 1975, date were applicable, there is nothing to show that these instructions were ever conveyed to Mr. Wimpey.
[10] The Wimpeys rely on Vilord v. Jenkins, 226 So.2d 245 (Fla. 2d DCA 1969), which holds that the discovery of an unsuccessful female sterilization procedure cannot occur until pregnancy. The defendants distinguish Vilord on the basis that an improper vasectomy can be discovered through testing. The Wimpeys reply that improper female sterilization can be discovered through testing. Since this fact was not mentioned in Vilord and may have been unknown to the court or to medical science at the time, neither side can take much comfort in the decision.