PER CURIAM.
We reverse the trial court’s order dismissing with prejudice an amended petition for adoption of two minors filed by their guardian, Dorothy C. Yancey, upon a holding that (1) although the order of dismissal does not, as required by Section 63.-142, Florida Statutes (1979), “state with specificity the reasons for dismissal,” we glean from the record that the dismissal was apparently based on the trial court’s acceptance of the natural mother’s contention that a petitioner, as here, alleging that the children have been abandoned so as to excuse the lack of consent, see Sections 63.072 and 63.112(l)(h), Florida Statutes (1979), must obtain a judicial determination of abandonment as a predicate to the filing of the petition, a contention which, in our view, directly conflicts with the clear language of Section 63.112(l)(h) (directing that the “facts or circumstances that excuse the lack of consent” be contained in the petition itself) and finds no support elsewhere in the statute or any decided case; and (2) in the unlikely event that such dismissal were based on the natural mother’s alternative contention that the facts or circumstances of abandonment or any other necessary allegations were not fully and adequately set forth in the petition,[1] the appropriate ruling would have been a dismissal with leave to amend, not a dismissal with prejudice. See, e.g., Enfield v. Held, 357 So.2d 772 (Fla.2d DCA 1978). See also In re Adoption of Scott, 344 So.2d 884 (Fla. 1st DCA 1977) (after neither the petition nor two amendments thereto, filed over the course of four months, alleged consent by or notice to the natural father, a dismissal without prejudice was not an abuse of discretion).
Reversed and remanded with directions to reinstate the amended petition for adoption and for further proceedings.

. We think this “unlikely” because the allegations contained in the petition comply in all material respects with the requirements for a petition for adoption set forth in Section 63.-112, Florida Statutes (1979). The pertinent allegations respecting abandonment were:
“4. That the minor children were abandoned by their natural mother and fathers and were left in the streets. That in August, 1973, the natural mother gave the children to Petitioner’s daughter saying that she did not want them and she could have them if she wanted them. The children were then brought to Petitioner, and she has had their care, custody and control for the past 5 years. That on September 24, 1975 the Petitioner was appointed legal Guardian of these children, under Case No. 75-4851, Probate Division.
“5. That the natural mother has not furnished food, clothing, or any support whatever for these children in the past 5 years nor has she visited them voluntarily or made any contact with them....
“6. That the whereabouts of the natural fathers, WILLIE DURHAM and LORENZO HUDSON, are unknown. The fathers have abandoned the children and have made no effort to contact them whatsoever in the past 5 years.”