FERGUSON, Judge
(concurring in part, dissenting in part).
I agree with the majority’s handling of the wrongful death claim, but have other thoughts about disposition of the malpractice claim.[1]
If the event which gave rise to the action for personal injuries is also the cause of death (which is actually a still-to-be-resolved issue of fact),[2] the personal injury cause of action does not survive. § 768.20, Fla.Stat. (1981); Perkins v. Variety Children’s Hospital, 413 So.2d 760, 763 (Fla. 3d DCA 1982). This would make the statute of limitations for medical malpractice actions quite irrelevant.
*995 But assuming that the event which gave rise to the action for medical malpractice is not also the cause of death, there remains an issue as to when the statute of limitations began to run. In their third amended complaint, which is the subject of the orders of dismissal herein, the plaintiffs allege that they knew of a misdiagnosis in February, 1977. As to the first order appealed from, the trial court was initially correct in dismissing the action in favor of several defendants as barred by the statute of limitations. See Fla.R.Civ.P. 1.110(d) (if possible affirmative defense appears on face of complaint, it may be raised by motion to dismiss). It is significant, however, that after the order was rendered on April 30,1981, plaintiffs filed an amended motion for rehearing with attached affidavits dated May 4, 1981. A motion for leave to amend the third amended complaint, along with a proposed fourth amended complaint had been filed on May 1, 1981. In this latter complaint, plaintiffs allege (and aver in their uncontroverted affidavits) that they did not realize an act of negligence had been committed by the defendants until they heard expert testimony, in January, 1979, that the failure to correctly diagnose constituted actionable negligence. The trial court denied plaintiffs’ motions for rehearing, and did not rule on their motion for leave to amend the complaint.
The majority affirms, implicitly asserting that for the purpose of the applicable statute of limitations,[3] the incident giving rise to the cause of action is the “medical misdiagnosis” which was “actually discovered by the plaintiffs on February 25, 1977.” I respectfully disagree with the majority. A misdiagnosis does not necessarily give rise to a cause of action, as where science is not sufficiently advanced so as to permit a physician to accurately diagnose or assign an etiology with reasonable medical certainty. The incident giving rise to the cause of action here is not the medical misdiagnosis discovered on February 25, 1977, but is, instead, the negligent misdiagnosis which, as alleged in the proposed fourth amended complaint, was not discovered until January 8, 1979.[4]
On review of the entire record, I think (1) the motion for rehearing should have been granted, (2) the order of dismissal should have been modified to make dismissal of the third amended complaint without prejudice and (3) leave should have been granted to file the fourth amended complaint. Fla. R.Civ.P. 1.190(a) (leave to amend a complaint should be freely given when justice so requires). See also DeMaris v. Asti, 426 So.2d 1153 (Fla. 3d DCA 1983) (court may review proposed amended complaint to determine whether deficiency in prior complaint may be cured by amendment).
The amended motion for rehearing and attached affidavits contained allegations and sworn statements which, if included in the complaint, would thus state a cause of action which is not time-barred. The trial judge had this motion and plaintiffs’ proposed fourth amended complaint before him when he denied a rehearing as to the first order of dismissal, and when he entered the second order of dismissal on December 15, 1981. The fourth amended complaint, if filed with leave of the court, would not be subject to dismissal because no deficiency appears on its face. See Fla. R.Civ.P. 1.110(d); Wimpey v. Sanchez, 386 So.2d 1241 (Fla. 3d DCA 1980), quashed on *996 other grounds, 409 So.2d 20 (Fla.1982) (dismissal of plaintiffs’ action proper only if defendants show conclusively from the face of the complaint that the cause of action is barred by the statute of limitations).

. This appeal is taken from two separate orders. The first order of April 30, 1981, dismissed plaintiffs’ third amended complaint with prejudice as to defendants Pinosky, Pinosky, P.A., Ibanez, Cullen, Variety Children’s Hospital, Fishbain, Jackson Memorial Hospital, Wagshul and Lopez, Stewart & Wagshul, P.A. The second order of December 15, 1981, entered on a "me-too" motion, dismissed with prejudice the defendant National Medical Care of Miami, Inc., d/b/a Highland Park Hospital. Both orders dismissed the action as time-barred by the statute of limitations.

. The complaint alleges in the alternative that the child’s death is related or unrelated to the negligent diagnosis.

. Section 95.11(4)(b), Florida Statutes (1981) provides in pertinent part:
An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.

. It is true that once the plaintiffs became aware of a misdiagnosis in 1977, they were put on inquiry as to the possibility of a cause of action in negligence. Whether the plaintiffs should have discovered prior to 1979, that the misdiagnosis resulted from negligence, is an issue of fact which may not be decided on a motion to dismiss. See Wimpey v. Sanchez, infra, 386 So.2d at 1244.