THREADGILL, Judge.
The appellant challenges a final order dismissing with prejudice his petition for adoption of his three minor stepchildren. We reverse.
The appellant has been incarcerated since 1986. He married the natural mother of the children in 1992. The natural father is deceased. The appellant filed a petition for adoption by a stepparent along with the written consent of the natural mother and the only child more than twelve years of age, as required by section 63.062(l)(a) and (c), Florida Statutes (1993). Without conducting a hearing, the trial court dismissed the petition with prejudice finding that the petition fails to state the facilities and resources of the petitioner available for the care of the minors, as required by section 63.112(l)(f), Florida Statutes (1993). The trial court also found that the appellant is incarcerated and has no means of providing for the children.
The trial court, in dismissing the petition for failure to fully and adequately set forth necessary allegations, should have dismissed the petition with leave to amend rather than with prejudice. See Yancey v. Dept. of Health and Rehabilitative Services, 413 So.2d 438 (Fla. 3d DCA 1982). In addition, the trial court’s finding that the appellant has no means of providing for the children is not supported by competent substantial evidence in the record. Noonan v. Snipes, 569 So.2d 1381 (Fla. 2d DCA 1990).
*776 We therefore reverse and remand for farther proceedings.
DANAHY, A.C.J., and QUINCE, J., concur.