# Third District Court of Appeal

## State of Florida

Opinion filed May 31, 2017.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D16-2191
Lower Tribunal No. 16-18708
_____

## Maria Dolores Rodriguez,
Appellant,

vs.

## In re: The Adoption of Mariana Andrea Rodriguez,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, David C. Miller, Judge.

Maria Dolores Rodriguez, in proper person.

No appearance for appellee.

Before SALTER, FERNANDEZ and LOGUE, JJ.

FERNANDEZ, J.

Appellant, Maria Dolores Rodriguez, appeals the denial of her petition to adopt her adult niece. The final order denying the petition reads, in pertinent part, as follows:

> Denied as the only valid reason given for this adoption is to facilitate the adoptee's immigration desires. The Adoptee has not lived with the Petitioner "always" as alleged. The Adoptee just came here this year but it was alleged that she lived with Petitioner "always"—but Petitioner lived here 11 years without the adoptee. Adoptee did not tell me her cousin lived w/ petitioner & her. Claimed Adoption would provide "protection" which is not true either given proposed adoptee is an adult.

The Petition for Adoption of Adult by Aunt, did indeed include the allegation that the prospective adoptee "has always lived under my roof and I want to provide her with legal and familial protection." Based on the trial court's finding, that allegation in the petition is false.

Chapter 63, Florida Statutes (2016), provides the statutory scheme that governs adoptions. Sections 63.102 and 63.112 establish the required content of the petition. Section 63.042 establishes who may adopt and who may be adopted. None of the relevant provisions of chapter 63 establish the consideration of public policy as a factor to be considered by the trial court in deciding whether to grant or deny the petition. The Fifth District Court of Appeal had an opportunity to consider the denial of an adult adoption petition in the matter of In re Adoption of Holland, 965 So. 2d 1213 (Fla. 5th DCA 2007). In Holland, the grandfather wanted to adopt his adult grandson in order to take advantage of a program for disabled veterans that provided financial aid to the children of the veteran, but not to the grandchildren. Id. at 1214. The trial court concluded:

The final issue is whether this court should participate in the petitioner's plan to adopt his grandchildren so that they can obtain federal aid not otherwise available to them. If Congress had intended for grandchildren to have these benefits it would have made them available to them. Surely, Congress did not intend the result which the petitioner and his other family members are trying to accomplish in this case. The court finds that the petitioner and his family are working together to obtain from the United States government benefits that Congress did not intend for the Adoptee and consequently, the petition should be denied because it violates public policy and is repugnant to the laws of Florida.

Id. The Fifth District held:

Even assuming that a trial court may deny a legally sufficient petition to adopt an adult on public policy grounds, no such grounds are present here. The public policy of Florida expressly permits the adoption of adults. § 63.042(1), Fla. Stat. (2007). If, as a result, the adoptee becomes entitled to a benefit authorized by law, it cannot be said that the adoption is in violation of public policy.

Id.

Chapter 63 does require the filing of a verified, truthful application for adoption. The trial court correctly found that the petition was not accurate and therefore was insufficient. The remedy, however, was dismissal of the petition with leave to amend rather than denial. See Yancey v. Dep't of Health and Rehab. Servs., 413 So. 2d 438 (Fla. 3d DCA 1982) (where the facts or circumstances of abandonment or any other necessary allegations were not fully and adequately set forth in the petition, the appropriate ruling would have been a dismissal with leave

3

to amend).  We therefore reverse and remand with directions to dismiss the petition with leave to amend.

Reversed and remanded with instructions.