178 So.2d 624 (1965)
Anne Lee TALLEY, Appellant,
v.
NATIONAL STANDARD LIFE INSURANCE CO., Appellee.
No. 4795.
District Court of Appeal of Florida. Second District.
July 20, 1965.
Rehearing Denied October 5, 1965.
Mallory Johnson, of McRoberts & Johnson, Stuart, for appellant.
T.T. Oughterson, of Oughterson & Oughterson, Stuart, for appellee.
ANDREWS, Judge.
Plaintiff Anne Lee Talley, appeals as beneficiary of a life insurance policy on the life of the deceased husband Robert Talley, a final judgment for the defendant National Standard Insurance Company notwithstanding a jury verdict for the plaintiff.
On July 11, 1957, Robert Talley, a resident of Stuart, Florida, applied to the defendant for a life insurance policy. An appointment for a medical examination was *625 made for him with Dr. Gunsolus in Stuart. He did not appear for this examination but was examined by Dr. Browning of Fort Pierce who was also an examining physician for the defendant. At the time he was examined, in answer to the question as to whether he had heart trouble or relative symptoms, he replied in the negative but stated he had spent 10 days in a hospital in St. Augustine in July, 1953 "for complete physical examination and E.K.G. following an illness of one day  no evidence of cardiac trouble." The defendant checked with the hospital and for some unexplained reason the hospital in its report to the defendant did not show that he had been admitted upon a diagnosis of "probable coronary disease."
On the basis of the application, medical examination and the report of the St. Augustine Hospital, the policy was issued on August 2, 1957. The policy lapsed after one monthly premium and was reinstated upon certification by the insured that he was in good health.
Dr. Gunsolus testified that he had been called to see the insured on July 5, 1953 at 3:00 A.M., diagnosed his condition as heart attack, took him immediately to the Martin County Hospital and treated him for such condition and then arranged his transfer to a St. Augustine Hospital for treatment of such condition. Dr. Gunsolus saw him at various intervals thereafter including a visit on July 10, 1957, and treated him then and at various other times for chest pain and high blood pressure. This last visit was the day before he applied for the insurance, a fact he did not disclose when he was examined for insurance by Dr. Browning on July 27, 1957.
The trial judge in his final judgment stated that the evidence admits no other conclusion but that the insured had a conscious intent to deceive when he failed to include in his application for insurance reference to the symptoms of heart trouble or visits to Dr. Gunsolus. The insured was obligated to truthfully answer questions pertaining to whether he suffered from symptoms of heart trouble, whether he had consulted physicians and whether he had been hospitalized for heart trouble.
This Court in Prudential Insurance Company of America v. Whittington, Fla. App. 1957, 98 So.2d 382, held that failure on the part of an applicant for insurance to truthfully answer material questions within his knowledge will invalidate the policy.
The fact that the defendant makes an independent investigation or seeks to verify the statements made by the plaintiff does not absolve the applicant for insurance from a duty to speak the truth. New York Life Ins. Co. v. Zivitz, 1942, 243 Ala. 379, 10 So.2d 276, 143 A.L.R. 321; 7 Couch on Insurance 2d., § 35.253 (1961).
Columbian Nat'l Life Ins. Co. v. Lanigan, 1944, 154 Fla. 760, 19 So.2d 67 is clearly distinguishable from the case sub judice. In that case the insurer made a complete investigation of the applicant and the latter acted in good faith with the insurer, whereas in the instant case the defendant merely verified the statement made by the plaintiff in regards to an E.K.G. test made in 1953. This cannot be regarded as an "independent investigation." We think the defendant relied substantially upon the plaintiff's representations in executing the policy of insurance, and that under the facts and circumstances of this case, it was entitled to avoid the contract.
Affirmed.
SHANNON, Acting C.J., and SMITH, CULVER, Associate Judge, concur.