188 So.2d 2 (1966)
FULLER INDUSTRIES, INC., and the Board of Public Instruction of Lee County, Florida, a Public Authority for the Use and Benefit of Fuller Industries, Inc., a Foreign Corporation Authorized to Do Business in the State of Florida, Appellants,
v.
R. TERRY BLAZIER & SON, INC., a Foreign Corporation Authorized to Do Business in the State of Florida, and United Bonding Insurance Company, a Corporation Authorized to Do Business in the State of Florida, Appellees.
No. 6196.
District Court of Appeal of Florida. Second District.
June 8, 1966.
Rehearing Denied July 20, 1966.
*3 Smoot, Blair & Whigham, Ft. Myers, for appellants.
Allen, Knudsen, Swartz, Richardson & DeBoest, Ft. Myers, for appellee United Bonding Ins. Co.
MAXWELL, OLIVER C., Associate Judge.
This is an appeal from an order dismissing with prejudice a complaint against a surety on a bond issued under F.S. Section 255.05, F.S.A., brought by a materialman of a sub-contractor. The general contractor was not made a party to the suit. The complaint did not allege that the 90 day notice, provided for in the statute, was given to the Contractor; although, it was alleged that notice was given to the Owner and the Surety. The bond itself provided:
"(a) Unless claimant, other than one having a direct contract with the principal, shall have given written notice to any two of the following: The Principal, the Owner, or the Surety above named, within ninety (90) days after such claimant did or performed the last of the materials for which said claim is made. * * *"
The Complaint alleged that written notice of default was furnished the Surety and "Owner" under the bond within ninety (90) days after claimant furnished the last material for the construction in question.
The appellant contends essentially:
(1) That the Contractor was not a necessary party defendant because the liability was joint and several;
(2) That the statutory notice to the contractor was not necessary since the bond itself provided that notice to any two of the Principal, the Owner or the Surety would suffice and that thereby the statutory requirement of notice to the contractor was waived; and
(3) If the statutory requirement of notice to the Contractor was jurisdictional or a necessary condition precedent to suit against the surety, the claimant is entitled to recover on common law liability on the bond.
We will consider these points in reverse order.
With respect to the claim of common law contract obligation, the complaint shows it is being brought by virtue of the terms of F.S. Section 255.05, F.S.A. Under these circumstances the provisions of the statute become a part of the bond or the bond should be construed in the light of the statute. Collins v. National Fire Ins. Co. of Hartford, Fla.App. 1958, 105 So.2d 190; City of Stewart for Use and Benefit of Florida East Coast R. Co. v. American Surety Co. of N.Y., 38 F.2d 193 (5th Cir.1930); Glades County, Fla. v. Detroit Fidelity & Surety Co., 57 F.2d 449 (5th Cir.1932). The right to sue the Surety for payment of labor and materials exists by *4 virtue of the statute giving that right. The right of a materialman of a sub-contractor to sue was created by the statute. Under the circumstances there could be no common law contract liability.
The next question is whether or not the notice to the contractor, required by the statute, may be waived. Certain decisions construing the Miller Act (Title 40 U.S.C.A. § 270a et seq.) on which F.S. Section 255.05, F.S.A. was patterned are persuasive on this point.
In United States, for the Use and Benefit of John A. Denie's Sons Co. v. Bass, 111 F.2d 965 (6th Cir.1940), the Court, referring to the notice to the contractor, stated:
* * * "the statutory requirement of notice being unequivocal and without ambiguity is a jurisdictional prerequisite." * * *
In United States, for use of Bruce Co., Inc. v. Fraser Const. Co., Inc., 87 F. Supp. 1 (U.S.D.C.W.D. Arkansas 1949), the Court held that in the cases where the notice is required:
"* * * the necessity of giving notice cannot be waived by the defendant, for a cause of action under the statute does not come into being until such notice has been given." * * *
In United States, ex rel. Carter-Schneider-Nelson, Inc. v. Campbell, 293 F.2d 816 (9th Cir.1961), it was said:
* * * "The giving of such notice is a condition precedent to a supplier's right to sue on the payment bond." * * *
Almost identical language is used in T.F. Scholes, Inc. v. United States of America, 295 F.2d 366 (10th Cir.1961).
We conclude that the giving of the notice to the contractor by a materialman for a sub-contractor having no contractual relationship with the prime contractor is a strict condition precedent to a suit on the bond, which cannot be waived.
Having arrived at this conclusion it is unnecessary to rule on the first question raised.
The judgment is affirmed.
ALLEN, C.J., and LILES, J., concur.