MOODY, JAMES S., Associate Judge.
This is an appeal by NAPLES BUILDERS SUPPLY CO., INC., Plaintiff below, from a Final Summary Judgment in favor of TRAVELERS INDEMNITY COMPANY, Defendant, denying recovery on a surety bond executed in furtherance of a public school contract. We reversed for failure to plead the appropriate statute of limitations.
In December, 1959, the County School Board of Collier County entered into a contract to construct a highschool building and in connection therewith, the principal contractor executed a surety bond with TRAVELERS INDEMNITY COMPANY, Defendant below. The bond was in the form as required by Chapter 255, Florida Statutes, on public construction contracts and guaranteed the performance and payments of all material furnished.
Plaintiff below, a materialman to the prime contractor, furnished certain materials on thé job ending in December, 1960. Upon non-payment, Plaintiff filed suit in January, 1961, against the contractor, judgment thereon being entered in January, 1964. In June, 1964, Plaintiff filed this action against the surety on the performance bond to recover against the surety for the materials furnished, pleading the recovery of the judgment against the contractor. Defendant filed answer pleading the one year statute of limitations under Section 255.-05(2), Florida Statutes, 1963, F.S.A. Motions for summary judgment with accompanying affidavits were filed by both parties. Summary judgment thereon was entered in favor of the Defendant, surety, and hence this appeal.
Disposition of the case revolves around the determination of which statute of limitations is applicable. The Defendant plead the one year statute of limitations set forth in 255.05, but on appeal abandoned the applicability of this statute and now asserts the statute of limitations as set forth in paragraph 95.11(5), Florida Statutes, F. S.A., providing for a three year limitation on suits upon “a liability created by statute, other than a penalty or forfeiture.” Plaintiff asserts the case is governed by Section 95.11(1), providing a twenty year statute of limitations on any “action upon any contract, obligation, or liability founded upon an instrument in writing under seal.”
This cause of action arose in December, 1960. Previous court decisions have ruled the one year statute set forth in Section 255.05 (2) enacted by the Legislature in 1963 is not retroactive. Indemnity Insurance Co. of North America v. Brooks-Fisher Insulating Company, Fla.App., 140 So.2d 613. A similar statute enacted in 1959 attempting to set up a one year statute of limitations was held unconstitutional. Auto Owners Insurance Company v. Hillsborough County Aviation Authority, etc., Fla., 153 So.2d. 722.
In the absence of an effective statute of limitations in Chapter 255, our courts have not been uniform in determining the applicability of the three or twenty year statute of limitations. In Indemnity Insurance Company of North America v. The Brooks-Fisher Insulating Co., supra, where suit was filed one year and- two months after the furnishing of the last material, the court held the three year statute was applicable. On the other hand, in a similar case, W. F. Thompson Construction Co. v. Southeastern Palm Beach, etc., Fla.App., 174 So.2d 410, the court held the twenty year statute applicable. The court reached the same conclusion in Massachusetts Bonding and Insurance Company v. Bryant etc., Fla.App., 175 So.2d 88. However, in Thompson’s the suit was filed less than one year after completion of the job and in Massachusetts Bonding, suit was filed within 13 months after the last material was furnished. Thus, none of these cases had this question squarely presented.
In the very recent case of Delduca v. United States Fidelity & Guaranty Company, 357 F.2d 204, March, 1966, the United States Fifth Circuit Court of Appeals was directly confronted with this problem, considered *34 the foregoing cases, and held the three year statute applicable. In that case, material was furnished under a State Road Department contract in 1960 and suit filed by the materialman against the surety on December 18, 1963 in excess of three years from date of the furnishing of the last material. The court was faced with the determination of whether such a suit should be filed within 3 years as a “liability created by statute” or within 20 years as a contract under seal. The court, in holding this to be a “liability created by statute,” stated:
“When this expressed statutory right is considered in the light of Florida’s recognized purpose to establish for Florida a little Miller Act (40 U.S.C.A. § 270a et seq.) whose general aim is to equate supplies to a public project against which materialmen’s liens are not available with those suppliers to private projects enjoining the security of a lien, we think the liability asserted against the Surety here is ‘a liability created by statute,’ (note 7, supra).”
It has been held that a surety bond, under Chapter 25S, is furnished to protect those who otherwise would have no lien or protection where the labor or material is incorporated in a public structure. This is a legal liability created solely by statute and did not exist at common law. Woodalls, Inc. v. Varn, Fla.App., 106 So.2d 634; Fuller Industries, Inc., etc. v. R. Terry Blazier & Son, Inc., Fla.App., 188 So.2d 2.
 We are faced with the fact the Defendant plead only the one year statute of limitations. It is elementary that the statute of limitations is an affirmative defense that must be plead, otherwise the same is waived. That is not to say that the Defendant cannot plead the applicable statute of limitations by appropriate amendment to its answer. We only hold here that as the one year statute of limitations is not applicable, the summary judgment should not have been granted and that such order must be reversed, subject to the right of the Defendant to appropriately plead the three year statute of limitations.
The summary judgment entered by the lower court is therefore reversed with directions to the lower court to proceed in accordance with this opinion.
SHANNON, Acting C. J., and HOBSON, J., concur.