353 So.2d 872 (1977)
Eugene ARCAMONTE, Appellant,
v.
SPRINGFIELD LIFE INSURANCE COMPANY, Appellee.
No. 76-1354.
District Court of Appeal of Florida, Third District.
December 20, 1977.
Rehearing Denied January 23, 1978.
Weissenborn, Burr & Hyman and Leonard F. Burr, Miami, for appellant.
Magill, Sevier & Reid and James A. McSwigan Palm Beach, for appellee.
Before PEARSON, NATHAN and HAVERFIELD, JJ.
*873 PER CURIAM.
This appeal is from a final judgment granting plaintiff rescission of a disability income insurance policy (policy P39794), reformation of a life insurance policy (policy V17025) and denying defendant/counter-plaintiff damages for the breach of the disability insurance contract. The insurance company was the plaintiff; the policy-holder has appealed.
The cause proceeded to a jury trial upon all the issues. At the conclusion of all the evidence, the trial judge took the case from the jury and entered judgment as follows:
"1. This Court grants the plaintiff's motion to strike the defendant's demand for jury trial in the actions for rescission and reformation and, sitting as a court in equity, finds, as a matter of fact and law, that the plaintiff-insurer's claim for rescission and reformation is well taken and the Court decrees that:
"(a) Policy number V17025 be and the same is hereby reformed to exclude any `waiver of premium benefit' or provision and any such benefit or provision of or under the said policy shall be and the same is hereby stricken therefrom and held for naught from the date of issue of the said policy, to wit, December 31, 1971.
"(b) The defendant-insured, EUGENE ARCAMONTE, need not, in view of the Court's ruling in 1(a) above, henceforth pay any premium for any `waiver of premium benefit' under policy number V17025 and any and all such premiums previously paid, together with legal interest thereon, shall be returned by SPRINGFIELD LIFE INSURANCE COMPANY to EUGENE ARCAMONTE; such monies having been tendered by SPRINGFIELD LIFE INSURANCE COMPANY to EUGENE ARCAMONTE prior to the filing of the suit herein.
"(c) Policy number V17025 shall continue in full force and effect, subject to the terms and conditions thereof, as modified and reformed by this Court's ruling in 1(a) and 1(b) above.
"(d) Policy number P39794 be and the same is hereby rescinded ab initio and the said policy is hereby held to be a nullity of and from the date of issue, to wit, September 10, 1971.
"(e) In view of this Court's ruling in 1(d) above, the plaintiff-insurer, SPRINGFIELD LIFE INSURANCE COMPANY, shall return to the defendant-insured, EUGENE ARCAMONTE, all premiums paid by the latter on policy number P39794, together with legal interest thereon; such monies having been tendered by SPRINGFIELD LIFE INSURANCE COMPANY to EUGENE ARCAMONTE prior to the filing of the suit herein.
"2. In view of this Court's rulings in paragraph 1 hereof, there exists no disability income policy (P39794) upon which the defendant-counterplaintiff, EUGENE ARCAMONTE, may found a counterclaim for breach of contract and, therefore, there is no issue to submit to a jury thereon.
"However, and in the event that this Court lacks the power to decide the issues framed by the complaint and answer as regards rescission and reformation, then and in that event, this Court finds as a matter of law that there are no issues of material fact to submit to a jury and hereby directs a verdict in favor of the plaintiff, SPRINGFIELD LIFE INSURANCE COMPANY, and against the defendant, EUGENE ARCAMONTE, on the actions in rescission and reformation and against the counterplaintiff, EUGENE ARCAMONTE, and in favor of the counterdefendant, SPRINGFIELD LIFE INSURANCE COMPANY, on the counterclaim in breach of contract."
The insured has presented two points for reversal. The first urges that there were jury issues upon the evidence submitted and that, therefore, it was error for the trial judge either to (1) strike defendant/counter-plaintiff's demand for a jury trial, or (2) direct a verdict for plaintiff/counter-defendant. We agree that the trial judge was correct in setting the cause for a jury trial. See Napolitano v. H.L. Robertson & Associates, Inc., 311 So.2d 757 *874 (Fla. 3d DCA 1975). Therefore, the trial judge was in error when he thereafter struck the demand for jury trial. But this error is not reversible error in view of the alternative holding of the trial judge that a directed verdict for the company should be entered. This latter holding is fully supported by the record. No reasonable view of the evidence would support a jury finding that the appellant did not willfully fail to answer truthfully material questions within his knowledge. Therefore, the directed verdict was proper. See Talley v. National Standard Life Insurance Co., 178 So.2d 624 (Fla. 2d DCA 1965). We hold that no reversible error has been shown under appellant's first point.
The insured's second point urges that the court should have directed a verdict for the defendant in the action to reform the insurance contract. We find no error. Appellant's reliance upon Underwriters National Assurance Company v. Harrison, 338 So.2d 58 (Fla. 3d DCA 1976), in our opinion, is misplaced because although the insured disputed any intentional misrepresentation, there was no conflict concerning the essential fact that the misrepresentation was made upon the application.
Affirmed.