369 So.2d 652 (1979)
Reginald W. YOUNG et al., Appellants,
v.
Mark L. BRAMLETT, Appellee.
No. KK-463.
District Court of Appeal of Florida, First District.
April 4, 1979.
Rehearing Denied May 8, 1979.
Joseph S. Farley, Jr., of Mahon, Mahon & Farley, Jacksonville, for appellants.
*653 H. Franklin Perritt, Jr., of Marks, Gray, Conroy & Gibbs, Jacksonville, for appellee.
PER CURIAM.
The issue before this court is whether the medical liability mediation procedures set forth in Section 768.44 (1977), Florida Statutes, are applicable to alleged malpractice claims against dentists. We hold they are not and affirm the summary final judgment entered by the trial court finding that the statute of limitations set out in Section 95.11(4)(b), Florida Statutes (1975), barred the claims of appellants.
Section 768.44(1)(a) provides:
Any person or his representative claiming damages by reason of injury, death, or monetary loss on account of alleged malpractice by any medical or osteopathic physician, podiatrist, hospital, or health maintenance organization against whom he believes there is a reasonable basis for a claim shall submit such claim to an appropriate medical liability mediation panel before that claim may be filed in any court of this state.
Section 768.44(4) further provides that:
(4) The filing of the claim shall toll any applicable statute of limitations, and such statute of limitations shall remain tolled until the hearing panel issues its written decisions or the jurisdiction of the panel is otherwise terminated. .. .
Although dentists are included within the definition of "health care providers," Section 768.50(2)(b), Florida Statutes (1977), Section 768.44 does not provide that alleged malpractice claims against dentists or health care providers must be submitted to a medical liability mediation panel as a prerequisite to filing the action in court. We cannot assume that the omission of dentists in Section 768.44(1)(a) was a legislative oversight nor can we rewrite the statute. Had the Legislature intended that the medical liability mediation procedures set forth in Section 768.44 be applicable to dentists, they could have so provided. Since we find that the medical liability mediation procedures are not applicable to dentists, the provision of Section 768.44(4), tolling the statute of limitations during pendency of the claim, offers no relief to appellants. The summary final judgment finding that appellants' claim was barred by Section 95.11(4)(b) is accordingly AFFIRMED.
McCORD, C.J., and MELVIN and BOOTH, JJ., concur.