372 So.2d 970 (1979)
Louise TOBIN, Appellant,
v.
B.V. DANNHEISSER, Jr., Appellee.
No. MM-279.
District Court of Appeal of Florida, First District.
June 22, 1979.
James M. Wilson of Harrell, Wiltshire, Stone & Swearingen, Pensacola, for appellant.
Robert P. Gaines of Beggs & Lane, Pensacola, for appellee.
PER CURIAM.
A final summary judgment was entered by the trial court finding that appellant's action against appellee, a dentist, for alleged medical malpractice was barred by the statute of limitations, Section 95.11(4)(b), Florida Statutes (1975). We reverse.
Appellant's contention that the action was timely commenced because a claim was submitted pursuant to the medical liability mediation procedures set forth in Section 768.44, Florida Statutes (1977) within two years of the allegedly negligent treatment by appellee is without merit. Young v. Bramlett, 369 So.2d 652 (Fla. 1st DCA 1979).
However, we agree with appellant's contention that a genuine issue of material fact existed which precluded entry of summary judgment with respect to when appellant discovered or, with the exercise of due diligence, should have discovered the incident giving rise to the cause of action. Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978), cert. den. 361 So.2d 831 (Fla. 1978); Salvaggio v. Austin, 336 So.2d 1282 (Fla. 2d DCA 1976). Accordingly, the final summary judgment is reversed and the cause is remanded for further proceedings.
MILLS, Acting C.J. and LARRY G. SMITH, J., concur.
BOOTH, J., dissents.