379 So.2d 161 (1980)
Coy L. NOLEN, Appellant,
v.
Sylvan H. SARASOHN, Miller, Sarasohn, Waldman & Hillman, P.A., and Miller, Sarasohn, Waldman, Hillman & Fabian, P.A., Appellees.
No. 78-2393.
District Court of Appeal of Florida, Third District.
January 22, 1980.
Sinclair, Louis, Siegel & Heath and Paul Siegel, Miami, for appellant.
Adams & Ward and Robert C. Ward, Miami, for appellees.
Before HAVERFIELD, C.J., SCHWARTZ, J., and MELVIN, WOODROW M. (Ret.), Associate Judge.
PER CURIAM.
Coy Nolen, the plaintiff, appeals a summary judgment for the defendant professional association on the ground that his action for medical malpractice is barred by the statute of limitations.
Coy Nolen was hospitalized for a seizure disorder on September 4, 1968, and an x-ray study known as an intravenous pyleogram was ordered. The test was performed on September 6 by Dr. Sarasohn, whose report in medical terms stated that there was nothing out of the ordinary with regard to the bones seen on the x-ray. This report was incorrect as the x-ray showed an abnormality of the spine's bone structure which raises a suspicion of a tumor. On March 22, 1973, Nolen was hospitalized again for seizure disorder and another intravenous pyleogram was performed on March 23 by Dr. Carl Fabian, an associate of Dr. Sarasohn (in the defendant professional association). Dr. Fabian noted an abnormality and after examining the 1968 x-ray it was found by him to be present at that time. Nolen was told of the abnormality, but was never told that the same abnormality appeared on his 1968 x-ray. He underwent surgery for removal of the tumor (which was about 90% removed) and upon his release was immediately admitted to the VA Hospital for radiation therapy. Thereafter, Nolen became paraplegic as a result of the inability to completely remove the spinal tumor. In February 1975 he consulted a lawyer as to whether he had a cause of action against the neurosurgeon who performed the April 1973 operation for removal of the spinal cord tumor. Nolen was informed he had no cause of action against the neurosurgeon; but in December 1975 it was suggested that he may have a cause of action for the *162 missed diagnosis of the 1968 x-ray. Subsequently, in January 1977 Nolen filed the instant medical malpractice action against Dr. Sarasohn and his professional association, Miller, Sarasohn, Waldman & Hillman, and its successor in interest, Miller, Sarasohn, Waldman, Hillman & Fabian. The association moved for summary judgment on the ground that Nolen's cause of action accrued in March 1973 at the time he underwent the surgery for removal of the tumor and, therefore, the filing of the instant cause of action in January 1977 was beyond the two-year time limit prescribed in Section 95.11, Florida Statutes. After hearing argument of counsel, the trial court entered summary judgment for the association. Nolen appeals.
At the onset, we note that the statute of limitations with regard to medical malpractice was amended several times from 1968 through 1975 (when Nolen contends he first was made aware that the 1968 x-ray was incorrectly read). Prior to July 1, 1972, a four-year statute of limitations was applicable. Section 95.11(6), Florida Statutes (1971).[1] From July 1972 through December 31, 1974, there was a two-year limitation. Section 95.11(6), Florida Statutes (1973).[2] A new limitation statute was enacted and remained in effect from January 1  May 19, 1975. Section 95.11(4)(a), Florida Statutes (Supp. 1974).[3] Finally, there is a currently worded statute effective May 20, 1975. Section 95.11(4)(b), Florida Statutes (1975).[4]
It is unclear which of the above statutes was relied upon by the defendants in support of their motion for summary judgment and by the trial court in the entry of final summary judgment. Nevertheless, regardless of which statute may be applicable, the general principle of law is that the running of the statute is tolled until the claimant, through the exercise of reasonable *163 diligence, is put on notice as to either the negligent act or the injury caused thereby. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976). In fact, this principle of law is embodied in the following language of the last three statutes cited above: "... from the time the cause of action is discovered or should have been discovered with the exercise of due diligence."
A perusal of the record convinces us that contrary to the contention of the defendant association, there remains a disputed question of fact as to whether Nolen knew or through the exercise of due diligence should have discovered that his 1968 x-ray had been misinterpreted by Dr. Sarasohn. First, although Dr. Fabian informed him of the abnormality in 1973, the doctor did not tell him that the abnormality appears in his 1968 x-ray. Second, in his affidavit Nolen stated that he did not understand the 1973 x-ray reports which contained many technical medical terms. There being no evidence to suggest that Nolen possessed any medical knowledge beyond that of an ordinary lay person, the contents of these reports need not as a matter of law be imputed to him. See Tetstone v. Adams, 373 So.2d 362 (Fla. 1st DCA 1979). Last, upon being discharged from North Miami General Hospital in April 1973, Nolen was immediately admitted to the VA Hospital where he received heavy doses of radiation therapy and pain killers. Being so sedated, it may be that he had no opportunity to request his hospital records or consult an attorney. In short, if Nolen can prove that he could not have discovered until December 1975 that his 1968 x-ray was misinterpreted, then his cause of action would be within the applicable statute of limitation.
There being a genuine issue of fact as to when Nolen discovered or through the use of due diligence should have discovered the incident giving rise to the instant cause of action, summary judgment should not have been granted. See Eland v. Aylward, 373 So.2d 92 (Fla. 2d DCA 1979); Tobin v. Dannheisser, 372 So.2d 970 (Fla. 1st DCA 1979) and cases cited therein.
Accordingly, the summary judgment is reversed and the cause remanded to the trial court for further proceedings.
Reversed and remanded.
NOTES
[1] 95.11 Limitations upon actions other than for the recovery of real property.  Actions other than those for the recovery of real property can only be commenced as follows:

.....
(4) WITHIN FOUR YEARS.  Any action for relief not specifically provided for in this chapter.
[2] (6) WITHIN TWO YEARS.  An action by another than the state upon a statute for a penalty or forfeiture; an action for libel, slander, assault, battery, or false imprisonment; an action arising upon account of an act causing a wrongful death; and an action to recover damages for injuries to the person arising from any medical, dental, optometric, chiropodial, or chiropractic treatment or surgical operation, the cause of action in such cases not to be deemed to have accrued until the plaintiff discovers, or through use of reasonable care should have discovered, the injury.
[3] (4) WITHIN TWO YEARS. 

(a) An action for professional malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
[4] (4) WITHIN TWO YEARS. 

(a) An action for professional malpractice, other than medical malpractice, whether founded on contract or tort; provided that the period of limitations shall run from the time the cause of action is discovered or should have been discovered with the exercise of due diligence. However, the limitation of actions herein for professional malpractice shall be limited to persons in privity with the professional.
(b) An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the health-care provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.