393 So.2d 65 (1981)
Harry SWAGEL, Appellant,
v.
Solomon B. GOLDMAN, Appellee.
No. 80-1087.
District Court of Appeal of Florida, Third District.
February 3, 1981.
Galbut, Galbut & Menin and Howard N. Galbut, Miami Beach, for appellant.
Lanza, Sevier & Womack and G.J. Godfrey, Coral Gables, for appellee.
Before SCHWARTZ, BASKIN and DANIEL S. PEARSON, JJ.
SCHWARTZ, Judge.
The trial court granted summary judgment to the defendant physician, Dr. Goldman, on the ground that the medical malpractice two-year statute of limitations had expired. Sec. 95.11(4)(b), Fla. Stat. (1979).[1] This ruling was based on the conclusion that, as a matter of law, the limitations period began to run when, after an operation performed by the defendant, the plaintiff discovered that he was incontinent. The plaintiff testified, however, that for over a year after that occurred, Dr. Goldman continued to treat him and to assure him that the condition was only a temporary one  presumably caused as a normal result of the operation  which would clear up in time. Under these circumstances, a genuine issue, precluding summary judgment, was presented as to whether the plaintiff discovered or should have discovered the incident which caused his injury  that is, the now-alleged surgical malpractice  prior to the later date, which was within the statutory period, that the defendant finally informed him that the incontinence was permanent. Tetstone v. Adams, 373 So.2d 362 (Fla. 1st DCA 1979), cert. denied, 383 So.2d 1189 (Fla. 1980); Eland v. Aylward, 373 So.2d 92 (Fla. 2d DCA 1979); Brooks v. Cerrato, 355 So.2d 119 (Fla. 4th DCA 1978), cert. denied, 361 So.2d 831 (Fla. 1978); see generally, Wimpey v. Sanchez, 386 So.2d 1241, 1244-45 (Fla. 3d DCA 1980); Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980), and cases cited.
Reversed.
NOTES
[1] § 95.11(4)(b). An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued.