418 So.2d 1104 (1982)
William PHILLIPS, Merle Ledbetter, Howard Jones, Monroe Phagan, William Starr, Robert Edwards, Russell Warner, Leonard Michael, Buck McClendon, George Lewis, As Trustees of the International Bridge, Structural, and Ornamental Ironworkers Local 272, Annuity Pay Plan, Appellants,
v.
Louis OSTRER, Michael Burke, Michael Famiglietti, Thomas Kilgalleon, John Nord, Eugene Bowen, Charles Baker, Martin Bessell, and Robert Sells, Individually and As Lead Underwriter for and On Behalf of All Those Certain Underwriters at Lloyds of London, a/K/a Lloyds of London, Ltd., a Foreign Corporation, and Insurance Company of North America, a Foreign Corporation, Appellees.
Nos. 81-1644 to 81-1647.
District Court of Appeal of Florida, Third District.
August 10, 1982.
Rehearing Denied September 28, 1982.
*1105 Kurzban & Kurzban and Steven M. Weinger, Miami, for appellants.
Kahn & Gutter and Janis L. Felder and Steven J. Gutter, Fort Lauderdale, Truett & Watkins and Harold Heller, Aronovitz & Weksler and Bernard B. Weksler, Wesley A. Lauer, Blackwell, Walker, Gray, Powers, Flick & Hoehl and James C. Blecke, Welbaum, Zook, Jones & Williams and Betsy L. Warwick and R. Earl Welbaum, John M. Goodman, Miami, for appellees.
Before BARKDULL, SCHWARTZ and BASKIN, JJ.
BARKDULL, Judge.
Appellants, as present trustees of the International Iron Workers Local 272 Pay Plan, brought an action initially on March 13, 1978 against former Trustees of the Plan and an insurance consultant. Amended pleadings added two insurance carriers and ultimately contended that between May 1972 until December, 1974 the former Trustees had committed fraud in paying excess commissions to the insurance consultant by making improper loans of trust funds, by purchasing the wrong type of insurance policies and otherwise breached their fiduciary duties as Trustees. That certain of these acts were covered by policies issued by the insurance carriers. One of these policies was a blanket Honesty Bond issued by the Insurance Company of North America (hereinafter referred to as INA), the other, as a Trustee and Fiduciary policy issued by the Underwriters of Lloyds of London (hereinafter referred to as Lloyds).
Certain of the defendants filed answers raising the defense of statute of limitations, INA defended on the ground that they had no coverage under their policy. Lloyds defended that their policy was void because of a false application made in connection with its issuance.
The pleadings of the plaintiffs alleged that the former Trustees had concealed certain of these acts and they were not discovered until 1976.
Summary judgment was entered in favor of all the Trustees based on the statute of limitations, whether pled by the individual Trustees or not. Summary judgment was entered in favor of the insurance consultant, also, because the statute of limitations had expired even though this defense was not asserted by the salesman. Summary judgment was entered for the two insurance carriers; as to INA, upon a construction of their policy that it did not afford coverage for the causes of action alleged and as to Lloyds because their policy never became effective, having been issued upon a false application.
The appellants filed four appeals from these summary judgments, which were consolidated for record and argument. The appellants urge, first, that the trial court erred in entering a summary judgment for the former Trustees that pled the statute of limitations, because there was a genuine issue of material fact as to concealment, second, that the trial court erred in entering summary judgment for those defendants who had not pled the statute of limitations, third, that the trial court erred in the construction of the INA policy as to coverage, fourth, that the trial court erred in *1106 concluding that the application to the Lloyd's policy was in fact material to its issuance.
We reverse as to all the summary judgments rendered, except that accorded to Lloyds of London.
The evidence is undisputed that, but for the false application, Lloyds would not have issued their policy. Therefore, we sustain the entry of this summary judgment. Life Insurance Company of Virginia v. Shifflet, 201 So.2d 715 (Fla. 1967); Arcamonte v. Springfield Life Insurance Company, 353 So.2d 872 (Fla. 3d DCA 1977); Garwood v. Equitable Life Assurance Society of the United States, 299 So.2d 163 (Fla. 3d DCA 1974); Section 627.409 Florida Statutes 1977. As to the entry to the summary judgment finding the causes of action were barred by the four year statute of limitations, the court erred in that there is evidence that certain of the actions occurred within four years of the finding of the initial complaint and therefore, the statute would be inapplicable in the first instance and further that there are material issues of fact as to when the present Trustees should have been put on notice of the alleged wrongful acts. Swagel v. Goldman, 393 So.2d 65 (Fla. 3d DCA 1981); Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980); Eland v. Aylward, 373 So.2d 92 (Fla. 2d DCA 1979); Tobin v. Dannheisser, 372 So.2d 970 (Fla. 1st DCA 1979). It was also error for the trial court to grant a summary judgment on the affirmative defense of statute of limitations as to certain of the defendants when this affirmative defense was not pleaded. Affirmative defenses not pleaded are deemed to be waived. Tuggle v. Maddox, 60 So.2d 158 (Fla. 1952); Ellis National Bank of Tallahassee v. Davis, 359 So.2d 466 (Fla. 1st DCA 1978); Board of Public Instruction of Collier County v. Travelers Indemnity Company, 190 So.2d 32 (Fla. 2d DCA 1966).
Turning to the summary judgment in favor of INA, the Honesty Bond insured the Annuity fund "against any loss ... through any fraudulent or dishonest act or acts committed by any of the Employees as defined in Section 3... ." Section 3 defined Employee as "persons (except ... trustees of the Insured ... who are not also officers or employees thereof in some other capacity)." This definition was broadened by a Rider, which stated as follows:
The word "Employee" ... shall also include any natural person who is a director, trustee, manager, officer or employee of any Employee Welfare or Pension Benefit Plan covered under the attached bond or policy, while such person is engaged in handling funds or other property of such plan.
The appellants contend that the trial court erred in holding that there was no coverage when the Trustees acted collectively. It being the contention of the carrier that it was only liable when a Trustee acted individually.[1] We find this position of the carrier to be in error, either in that it defeats the purpose of the policy or is an ambiguous provision which should be construed against the carrier and in favor of coverage. Zautner v. Liberty Mutual Insurance Company, 382 So.2d 106 (Fla. 3d DCA 1980); Drisdom v. Guarantee Trust Life Insurance Company, 371 So.2d 690 (Fla. 3d DCA 1979); Travelers Insurance Company v. Smith, 328 So.2d 870 (Fla. 3d DCA 1976).
Therefore, for the reasons above stated all summary judgments under review are hereby reversed except that granted Underwriters of Lloyds of London which is affirmed. The matter is returned to the trial court for trial on the issues as made between the parties, save and except the defendants, Lloyds.
Affirmed in part, reversed in part and remanded with directions.
NOTES
[1] INA urges lack of proper notice, however, they first denied coverage on other grounds and the record failed to show any prejudice caused by any delay which would defeat a claim. Tiedtke v. Fidelity & Casualty Company of New York, 222 So.2d 206 (Fla. 1969); Hartford Accident and Indemnity Company v. Phelps, 294 So.2d 362 (Fla. 1st DCA 1974); Swiss National Insurance Company, U.S.A., v. Martorella, 239 So.2d 144 (Fla. 4th DCA 1970).