422 So.2d 1067 (1982)
Betty CARLTON and William J. Carlton, Her Husband, Appellants,
v.
Ray RIDINGS, M.D., Appellee.
No. AM-228.
District Court of Appeal of Florida, First District.
December 1, 1982.
*1068 Robert B. Persons, Jr., Sarasota, and Paul M. Harden, Miami, for appellants.
Bruce S. Bullock and Robert M. Sharp of Bullock, Sharp, Childs, Mickler & Cohen, P.A., Jacksonville, for appellee.
MILLS, Judge.
Betty and William H. Carlton, plaintiffs below, appeal the entry of summary judgment for Ridings on the ground that their claim for medical malpractice is barred by Section 95.11(4)(b), Florida Statutes (1981). We affirm.
On 25 April 1980, the Carltons filed their original complaint in this action, alleging that Dr. Ridings negligently administered radiation therapy to Mrs. Carlton on 10 July 1975, and further alleging that they did not become aware of this alleged malpractice until 18 September 1978 due to fraud, concealment, and intentional misrepresentation of fact by Dr. Ridings.
Section 95.11(4)(b) sets out two periods of limitation which are applicable to medical malpractice claims. The first sentence of Section 95.11(4)(b) provides that such claims must be filed within two years of the date of injury or discovery of the injury, but in any event not later than four years after the injury. The Carltons' claim is clearly barred under this first sentence because it was not filed within four years of the injury.
The last sentence of Section 95.11(4)(b) applies in those cases where it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented discovery of the injury within the four-year period. In those cases, the period of limitations is extended forward two years from the time of discovery of the injury, but in any event, not later than seven years from the date of the injury. According to the plain language of the statute, however, this last sentence is applicable only in cases where the injury is not discovered within four years of the date of injury. In the present case, the injury was discovered within four years, so this last sentence cannot apply.
The Carltons cite several cases for the proposition that the statute of limitations is tolled where fraud, concealment, or misrepresentation prevent discovery of the injury during the limitations period. Nardone v. Reynolds, 333 So.2d 25 (Fla. 1976); Nolen v. Sarasohn, 379 So.2d 161 (Fla. 3d DCA 1980); Almengor v. Dade County, 359 So.2d 892 (Fla. 3d DCA 1978); Tetstone v. Adams, 373 So.2d 362 (Fla. 1st DCA 1979). All of these cases involved earlier versions of Section 95.11(4)(b), none of which contained any special provisions for cases of fraud, concealment, or misrepresentation. Therefore, we will not follow the reasoning of those cases.
Alford v. Summerlin, 362 So.2d 103 (Fla. 1st DCA 1978), does deal with Section 95.11(4)(b) as it is presently enacted. However, that case is distinguishable because it did not involve a suit filed more than four years after the date of the injury; it concerned only whether the statute of limitations should be extended for an additional two years beyond the usual two-year period.
We hold, therefore, that because the Carltons discovered the alleged injury before 10 July 1979 and failed to file suit before that date, their claim for medical malpractice is barred by Section 95.11(4)(b), Florida Statutes (1981).
AFFIRMED.
ROBERT P. SMITH, Jr., C.J., and McCORD, J., concur.