455 So.2d 620 (1984)
Robin PISUT, a Minor, BY Her Natural Guardian and Next Friend, Lavere Pisut, and Lavere Pisut, Individually, Appellants,
v.
Alan K. SICHELMAN, M.D. and Paul F. Wallace, M.D., Appellees.
No. 83-1881.
District Court of Appeal of Florida, Second District.
September 12, 1984.
*621 Edna L. Caruso, P.A. and Charles C. Powers of Reed & Powers, West Palm Beach, for appellants.
William E. Hennen of Marlow, Shofi, Ortmayer, Smith, Connell & Valerius, P.A., Tampa, for appellee Sichelman.
Kenneth C. Deacon, Jr. of Harris, Barrett & Dew, St. Petersburg, for appellee Wallace.
RYDER, Chief Judge.
The recent decision of our supreme court in Cates v. Graham, 451 So.2d 475 (Fla. 1984), gives us excellent guidance in deciding the case sub judice. Yet, this matter presents facts which make difficult our decision regarding the constitutionality of section 95.11(4)(b), Florida Statutes (1977).[1] On October 15, 1982, Robin Pisut, a minor, and her mother, Lavere Pisut, filed suit against numerous health care providers including Drs. Alan K. Sichelman and Paul F. Wallace. Only three counts of the multicount complaint are the subject of this appeal.
Count I alleged that on December 29, 1976, Dr. Sichelman failed to adequately diagnose and treat Robin Pisut's osteomyelitic condition. Count II alleged that *622 Dr. Sichelman negligently treated Robin on several dates in March and April 1977, ending with April 5, 1977. Count IX alleged that Dr. Wallace negligently treated Robin during the period from March 24, 1977 through March 31, 1977. While appellants asserted two other counts against Dr. Sichelman, Dr. Wallace was named in only Count IX.
The trial court entered a final judgment on the pleadings as to Counts I, II and IX in favor of the physicians because the actions were barred by the limitations period in section 95.11(4)(b). Although there was a question regarding this court's jurisdiction to entertain an appeal as to Counts I and II concerning Dr. Sichelman before other counts in the complaint involving him were resolved, both parties agree that Counts I and II assert separate and distinct causes of action which are independent from the other counts of the complaint. Therefore, the final judgment as to Counts I and II is appealable. Mendez v. West Flagler Family Association, Inc., 303 So.2d 1 (Fla. 1974).
Appellants argue that section 95.11(4)(b) is unconstitutional as applied to this case in that the statute did not provide appellants a reasonable time in which to file suit before their actions were barred. The statute provides, in pertinent part, that "in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued." The date of the incident is the last date of the allegedly negligent medical treatment. Cates v. Graham, 427 So.2d 290 (Fla. 3d DCA 1983), aff'd, 451 So.2d 475 (Fla. 1984).
As to Count I, the date of the incident was December 29, 1976 and the action was barred on December 30, 1980. As to Count II, the date of the incident was April 5, 1977, and the action was barred on April 6, 1981. As to Count IX, the date of the incident was March 31, 1977, and the action was barred on April 1, 1981.
Appellants assert in their reply to appellees' affirmative defenses that they did not become aware of the cause of action until December 28, 1980, when they discovered that Robin was severely ill with osteomyelitis. Therefore, they argue that they had only one day to file Count I and approximately three months to file Counts II and IX before the limitations period ran.
Our supreme court in Cates held that a five to six-month period remaining after the discovery of an injury is not so short as to make section 95.11(4)(b) unconstitutional as applied. While three months might be a reasonable time for a plaintiff to bring an action, we do not think the statute would be constitutional as applied if a claimant had only one day to file suit after discovery of an injury. See Overland Construction Co. v. Sirmons, 369 So.2d 572 (Fla. 1979). Nevertheless, appellants here are in no position to complain that the statute was unconstitutionally applied to them. First, their assertion that their cause of action was discovered on December 28, 1980 is contradicted by allegations in their amended complaint that Dr. Sichelman noticed an osteomyelitic lesion in March 1977, and diagnosed chronic osteomyelitis in May 1977, three and one-half years before the earliest limitations period ran. Second, appellants did not bring suit until almost two years after December 28, 1980, the latest date they contend they discovered their cause of action. At the most, appellants were only entitled to a reasonable time to bring suit after discovery of the injury. If, as in Cates, the failure to file an action within five to six months precludes relief, the appellants' inaction for nearly two years must surely be fatal.
We hold, following Cates, that the time periods involved in this case do not render section 95.11(4)(b) unconstitutional as applied to appellants. A statute of repose is constitutional when it merely curtails the time in which to file a suit. Cates; Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978).
Appellants also contend that because Dr. Sichelman misrepresented and *623 concealed his negligence, the seven-year limitations period in the last sentence of section 95.11(4)(b) should apply. By the terms of the statute, this last sentence applies only in cases where the injury is not discovered within four years of its infliction. Carlton v. Ridings, 422 So.2d 1067 (Fla. 1st DCA 1982). There is no dispute that appellants discovered the injury within the four-year period, rendering the seven-year limitations period inapplicable in this case. See Cobb v. Maldonado, 451 So.2d 482 (Fla. 4th DCA 1984).
We affirm the trial court's decision and hold that appellants' actions asserted in Counts I, II and IX against Drs. Sichelman and Wallace are barred because not brought within the limitations period.
AFFIRMED.
GRIMES and SCHEB, JJ., concur.
NOTES
[1] Section 95.11(4)(b) provides:

An action for medical malpractice shall be commenced within 2 years from the time the incident giving rise to the action occurred or within 2 years from the time the incident is discovered, or should have been discovered with the exercise of due diligence; however, in no event shall the action be commenced later than 4 years from the date of the incident or occurrence out of which the cause of action accrued. An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. The limitation of actions within this subsection shall be limited to the healthcare provider and persons in privity with the provider of health care. In those actions covered by this paragraph in which it can be shown that fraud, concealment, or intentional misrepresentation of fact prevented the discovery of the injury within the 4-year period, the period of limitations is extended forward 2 years from the time that the injury is discovered or should have been discovered with the exercise of due diligence, but in no event to exceed 7 years from the date the incident giving rise to the injury occurred.