515 So.2d 1379 (1987)
John O. SHIELDS and Josephine Shields, His Wife, Appellants,
v.
William A. BUCHHOLZ, D.D.S., Appellee.
No. 83-1698.
District Court of Appeal of Florida, Fourth District.
December 9, 1987.
*1380 Kenneth P. Liroff of Kenneth P. Liroff, P.A., and Nancy Little Hoffmann of Nancy Little Hoffmann, P.A., Fort Lauderdale, for appellants.
Joan Fowler and Michael B. Davis of Walton Lantaff Schroeder & Carson, West Palm Beach, for appellee.
DELL, Judge.
This appeal arises out of an action for dental malpractice. Appellants claim that application of section 95.11(4)(b), Florida Statutes (1985) to their cause of action violates Article I, Section 21 of the Florida Constitution. We affirm.
On August 14, 1978, appellee performed dental work on appellant, John O. Shields, Jr. Appellants alleged that appellee cemented a post in Mr. Shields' maxillary right cuspid and that the post extended into and perforated the lateral surface of the tooth. Appellants also alleged that the dental work created a latent defect in the periodontal tissue that in most cases takes years to manifest itself symptomatically. On July 28, 1982, Mr. Shields developed symptoms that caused him to seek the care of an oral surgeon. The oral surgeon advised Mr. Shields that there could be several causes of his symptoms, but that the precise cause could not be determined without surgery. On August 9, 1982, four days short of the expiration of the statute of repose, Mr. Shields underwent exploratory and corrective surgery. Appellants claim that the corrective surgery revealed that appellee had negligently performed the treatment rendered on August 4, 1978. Appellants filed their complaint on June 9, 1983. The trial court held that section 95.11(4)(b) barred appellants' action and entered judgment on the pleadings.
Appellants contend that:
Where a party injured by dental malpractice suffers no symptoms of injury until sixteen days prior to expiration of the four-year final repose provisions of section 95.11(4)(b), Florida Statutes, and discovers only four days prior to expiration of the repose period that his symptoms were caused by defendant's malpractice, *1381 application of that statute as a bar to his claim violates Article I, Section 21 of the Florida Constitution.
We affirm on the authority of Carr v. Broward County, 505 So.2d 568 (Fla. 4th DCA 1987), and hold that the application of section 95.11(4)(b) to appellants' claim did not violate Article I, Section 21 of the Florida Constitution.[1]
The Carr opinion contains a detailed and comprehensive analysis of the law that has developed concerning the application of a statute of repose. In Carr, the plaintiff delivered a child on December 20, 1975 who was later diagnosed as suffering brain damage. Plaintiffs filed suit on September 26, 1985 and alleged that although they exercised due diligence, they were not able to discover the facts and circumstances surrounding the prenatal and obstetrical care. The plaintiffs also alleged that appellees either knew or should have known of the negligent treatment and fraudulently concealed the facts from them. This court concluded:
Applying our analysis and preliminary conclusions to the facts of the present case, we briefly conclude. The injury to infant Carr was a completed fact on or before December 20, 1975. The statute was already in effect (January 1, 1975) when the cause of action arose. Whether the Carrs knew or should have known of the "incident" and whether the incident or its effects were fraudulently concealed, their cause of action was permanently barred in December of 1982 by the seven-year statute of repose, if that statute is validly imposed here. Unlike the products liability statute of repose, (section 95.031(2), under which, where fraud is involved, the period runs from "the date of the commission of the alleged fraud") the incident of malpractice begins the period of repose in a medical malpractice case despite fraudulent concealment. Whether public policy supports such a distinction is a matter for the legislature, not this court, to determine.
The medical malpractice statute of repose had its genesis in section 7 of Chapter 75-9, Laws of Florida, the Medical Malpractice Reform Act of 1975. The public necessity for the statutory reform embodied in the act was expressed by the legislature in the preamble... .
... .
We here determine, subject to supreme court scrutiny in this or a later appropriate case, that the legislature has established an overriding public interest meeting the Kluger test [Kluger v. White, 281 So.2d 1, 4 (Fla. 1973)] as applied in Overland [Const. Co. v. Sirmons, 369 So.2d 572 (Fla. 1979)] and that the statute was therefore validly applied to the Carr's causes of action by the trial court. [Emphasis added in part.]
Id. at 574-75.
Appellants argue that neither the Medical Malpractice Reform Act nor the record in this case demonstrate the existence of a dental malpractice crisis. We will address this argument first since our remaining analysis rests on the determination that the legislature concluded that the medical malpractice crisis, resulting in the enactment of the Medical Malpractice Reform Act, also encompassed dentists. Although the preamble to the Medical Malpractice Reform Act does not expressly identify dentists as one of the specialties covered by the Act, it refers to "health care providers." The Medical Malpractice Reform Act defines the term "health care provider" in several sections of the Act. Section 768.45, Medical Negligence  Standards of Recovery, refers to section 768.50(2)(b);
"Health care provider" means ... dentists licensed under chapter 466;
*1382 The legislation providing for the Florida Patient's Compensation Fund, section 768.54(2)(e) includes dentists:
The coverage afforded by the fund for a participating hospital or ambulatory surgical center shall apply to the officers, trustees, volunteer workers, trainees, committee members (including physicians, osteopaths, podiatrists, and dentists).... [Emphasis added.]
Finally, section 95.11(4)(b), Florida Statutes (1985) provides:
An "action for medical malpractice" is defined as a claim in tort or in contract for damages because of the death, injury, or monetary loss to any person arising out of any medical, dental, or surgical diagnosis, treatment, or care by any provider of health care. [Emphasis added.]
Appellants cite Young v. Bramlett, 369 So.2d 652 (Fla. 1st DCA 1979), cert. denied, 379 So.2d 211 (Fla. 1980). In Young, the district court concluded:
Although dentists are included within the definition of "health care providers," Section 768.50(2)(b), Florida Statutes (1977), Section 768.44 does not provide that alleged malpractice claims against dentists or health care providers must be submitted to a medical liability mediation panel as a prerequisite to filing the action in court. We cannot assume that the omission of dentists in Section 768.44(1)(a) was a legislative oversight nor can we rewrite the statute... . Since we find that the medical liability mediation procedures are not applicable to dentists, the provision of Section 768.44(4), tolling the statute of limitations during pendency of the claim, offers no relief to appellants. The summary final judgment finding that appellants' claim was barred by Section 95.11(4)(b) is accordingly AFFIRMED.
Id. at 653.
We find no support for appellants' argument in Young since even though the court concluded that the legislature's failure to include dentists in section 768.44, Florida Statutes (1977) did not occur as the result of an oversight, the court affirmed a summary final judgment against the claimant based on section 95.11(4)(b). We also note that the First District Court of Appeal held that a dental hygienist, when cleaning teeth, is a provider of health care within the meaning of section 95.11(4)(b). Estes v. Rockinson, 461 So.2d 989 (Fla. 1st DCA 1984). See also MacDonald v. McIver, 514 So.2d 1151 (Fla. 2d DCA 1987). We are satisfied from our review of the Medical Malpractice Reform Act that the legislature concluded that the medical malpractice crisis extended to dentists and therefore included dentists within the Act.
Appellants also contend that the statute of repose should not be applied to their claim because they had an unreasonably short period of time remaining to file suit after discovery of the alleged malpractice. They claim this court held in Carr, "that where a [sic] injury does not manifest itself for a long period of time after negligent treatment, the statute of repose does not begin to run until the symptoms appear." We disagree. Carr held that "the incident of malpractice begins the period of repose in a medical malpractice case... ." 505 So.2d at 575 (emphasis supplied). The opinion in Carr recognizes an exception of this rule where the "cause of action" accrued prior to the adoption of the statute. However, here the incident of alleged malpractice occurred on August 14, 1978, clearly after the adoption of the Medical Malpractice Reform Act.
We would find appellants' argument persuasive if this case involved a statute of limitation rather than a statute of repose.
First, a statute of limitation bars enforcement of an accrued cause of action whereas a statute of repose not only bars an accrued cause of action, but will also prevent the accrual of a cause of action where the final element necessary for its creation occurs beyond the time period established by the statute.
Carr at 570.
In Phelan v. Hanft, 471 So.2d 648 (Fla. 3d DCA 1985), appeal dismissed, 488 So.2d 531 *1383 (Fla. 1986), the Third District Court of Appeal reached a result different from Carr by giving weight to the time that the cause of action accrued, i.e., discovery of the claim:
The rule in Florida is that a statute of repose will be sustained in the face of the constitutional challenge that access to the courts is denied when the cause of action is merely curtailed rather than wholly barred by its effect. See Bauld v. J.A. Jones Construction Co., 357 So.2d 401 (Fla. 1978). The corollary rule is that where a claimant's cause of action is barred by the repose provision at the time it first accrues (here, when it was discovered or should have been discovered) and thus no judicial forum is available, the statute of repose will be declared invalid as applied to such claimant... .
Therefore, if the fact-finder in this case shall ultimately determine that Ms. Phelan discovered or should have discovered her cause of action within two years of August 14, 1976, then, of course, her action would be barred by the two-year limitations period of Section 95.11(4)(b), Florida Statutes. If the fact-finder shall ultimately determine that Ms. Phelan discovered or should have discovered her cause of action within four years of August 14, 1976, then her action would likely be barred by the four-year statute of repose under the reasoning of Cates v. Graham, 451 So.2d 475 [Fla. 1984], and Cobb v. Maldonado, 451 So.2d 482 [Fla. 4th DCA 1984]. If, however, the factfinder concludes that Ms. Phelan did not discover and should not have discovered her cause of action until, as she contends, August 4, 1981, then the statute of repose would unconstitutionally deny Phelan access to the courts and cannot be used against her to bar her claim.
Id. at 649-50 (footnotes omitted).
The reasoning in Phelan follows the traditional tort concept that a cause of action does not accrue until the injured party has either actual or constructive notice of the claim and that the injured party should have a reasonable time after discovery of the claim to file suit. In Carr we held that the legislature found an overwhelming public necessity that required enactment of 95.11(4) and satisfied the test in Kluger v. White, 281 So.2d 1 (Fla. 1973). Based on this conclusion we held that the incident of malpractice begins the running of the statute of repose. Since the incident of malpractice giving rise to appellants' claim occurred after the enactment of the Medical Malpractice Reform Act and appellants failed to file suit within four years of the incident of malpractice, we hold that the statute of repose barred their claim.
Finally, appellants discovered their claim four days before the expiration of the statute of repose but they did not file suit until ten months had elapsed after expiration of the statute of repose. Therefore, even without the application of the rule in Carr, we think their action would be barred by their failure to file suit within a reasonable time after discovery of the claim. See Cates v. Graham, 451 So.2d 475 (Fla. 1984); Pisut by Pisut v. Sichelman, 455 So.2d 620 (Fla. 2d DCA 1984).
We affirm the trial court's judgment on the pleadings. However we believe this appeal presents questions of great public importance and we certify the following questions to the Supreme Court:
HAS THERE BEEN A SUFFICIENT SHOWING THAT THE KLUGER TEST HAS BEEN SATISFIED TO SUPPORT THE STRICT APPLICATION OF THE STATUTE OF REPOSE PROVISIONS OF SECTION 95.11(4)(b) TO CLAIMS ARISING OUT OF DENTAL MALPRACTICE?
WHERE AN INCIDENT OF DENTAL MALPRACTICE OCCURS AFTER THE ENACTMENT OF THE MEDICAL MALPRACTICE REFORM ACT, DOES APPLICATION OF THE STATUTE OF REPOSE FROM THE DATE OF THE INCIDENT OF MALPRACTICE VIOLATE ARTICLE I, SECTION 21 OF THE FLORIDA CONSTITUTION *1384 WHERE THE CAUSE OF ACTION IS NOT DISCOVERED UNTIL FOUR DAYS PRIOR TO THE EXPIRATION OF THE STATUTE?
Affirmed.
WALDEN, J., concurs.
GLICKSTEIN, J., concurs specially with opinion.
GLICKSTEIN, Judge, concurring specially.
I believe the parties and the public are entitled to a clearer explanation from the majority than is found in footnote 1 of why a case whose oral argument first occurred on March 16, 1984, is only now being decided.
On the merits, I agree that precedent supports the result reached by the majority and that the two questions should be certified.
NOTES
[1] We think it is appropriate to note that the parties briefed and argued this case before another panel of judges from this court, but circumstances required a change in the members of the original panel. The court expresses its regret for the resulting delay but wishes to express its appreciation to the parties for their preparation and filing of supplemental briefs and for presenting this case for a second time on oral argument.