PER CURIAM.
The final summary judgment under review is affirmed, with one modification, upon a holding that, as a matter of law, the appellants’ homeowners’ insurance policy did not cover the claimed burglary loss because (1) the structure insured was not a dwelling or residence within the meaning of the subject policy, and (2) even if the structure could be so considered, insurance coverage for the structure was excluded because, at the time of loss, it was a dwelling “under construction” within the meaning of the policy. It is apparent that the homeowners’ policy under consideration was issued based on the appellants’ misrepresentations as to the nature of the insured structure, and that the policy was, therefore, void ab initio. The insurance company appellee, however, did not return any of the insurance premiums collected from the appellants on this policy, and, upon remand, the trial court shall direct such a return. See Arcamonte v. Springfield Life Ins. Co., 353 So.2d 872, 873 (Fla. 3d DCA 1977), cert. denied, 364 So.2d 880 (Fla.1978); Aetna Casualty & Surety Co. v. Simpson, 128 So.2d 420, 424-25 (Fla. 1st DCA 1961). See generally 3A John A. & Jean Appleman, Insurance Law & Practice § 1832 (1941).
Affirmed as modified.